### ALBERT MATHEWSON'S CASE.

Suffolk.    March 12, 1917. — June 27, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act.*

The fact that a report of an injury sustained by an employee was made by his employer to the Industrial Accident Board three days after the injury was sustained is amply sufficient to warrant a finding that the employer as a subscriber under the workmen's compensation act had knowledge of the injury within the meaning of St. 1911, c. 751, Part II, § 18, so that want of notice is not a bar to proceedings under the act.

Upon a claim made under the workmen's compensation act by one employed as a foreman by a painter for compensation for reduction of vision in his right eye and total and partial incapacity alleged to have been due to lead poisoning, the Industrial Accident Board made its findings and decision wholly upon the report of the arbitration committee. That committee found that upon the evidence the employee received an injury arising out of and in the course of his employment. The only evidence reported was a statement in narrative form of the testimony of the employee and of several physicians. The report of the committee contained no findings of specific facts nor did it state

any conclusions drawn from the evidence in support of the general finding. It was contended by the insurer that the condition of the employee was not due to his employment but had existed long previously thereto. *Held,* that it was the duty of the Industrial Accident Board to have made such specific and definite findings upon the evidence reported as would enable this court to determine whether the general finding should stand, and that, in the absence of such specific findings, a decree made in accordance with the decision of the Industrial Accident Board must be reversed and the case be re-committed to that board, where the employee might move that findings of specific facts be made upon which the board based its finding that the employee received an injury arising out of and in the course of his employment; that, if such motion should be allowed and such findings should be made, the case should be considered anew, and that otherwise a decree should be entered for the insurer.

A mere general finding of the Industrial Accident Board declaring in the words of the statute that an employee has received an injury arising out of and in the course of his employment is not a compliance with the intention of the Legislature as expressed in St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation as stated in the opinion to Albert Mathewson, who was employed as a foreman painter at $24 a week by C. A. Batson, a master painter.

The case, which is described in the opinion, was heard by *Jenney,* J., who made a decree in accordance with the decision of the Industrial Accident Board ordering the insurer to pay to the employee $74 for total and partial incapacity and $500 for specific compensation and that it pay him the cost of his medical expenses during the first two weeks after his injury. The insurer appealed.

St. 1911, c. 751, Part II, § 18, is as follows: "A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of the injury, unless it is shown that it was the intention to mislead and the association was in fact misled thereby. Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury."

St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12, is as follows: "The committee of arbitration shall make such inquiries and investigations as it shall deem necessary. The hearings of the committee shall be held in the city or town

where the injury occurred, and the decision of the committee, together with a statement of the evidence submitted before it, its findings of fact, rulings of law and any other matters pertinent to questions arising before it shall be filed with the Industrial Accident Board. Unless a claim for a review is filed by either party within seven days, the decision shall be enforcible under the provisions of Part III, section eleven."

*J. F. Scannell*, for the insurer.

*P. L. Keenan*, for the employee.

CROSBY, J. This is a proceeding under the workmen's compensation act. The arbitration committee found that the employee received an injury in the course of and arising out of his employment. That finding has been affirmed by the Industrial Accident Board upon review.

No notice of the injury was given in accordance with the provisions of St. 1911, c. 751, Part II, § 15, but it was found by the committee that "Report of the injury was made by the employer on April 30, 1915." The fact that a report of the injury was made by the employer is amply sufficient to warrant a finding that the subscriber had knowledge of the injury in accordance with Part II, § 18. *Bloom's Case*, 222 Mass. 434. *McLean's Case*, 223 Mass. 342.

The cause of the employee's injury, as stated in his claim for compensation therefor, was by reason of using "Magic Paint Remover, The Wonder Paint Remover, Denatured Alcohol, Ammonia and Lead." In other words, it is claimed that the injury was due to lead poisoning or plumbism.

The committee and the board found that on April 27, 1915, the employee received a personal injury which arose out of and in the course of his employment; that the injury caused a reduction in the vision of his right eye of one tenth of normal with glasses, by reason of which he was entitled under Part II, § 11 b to $10 a week for a period of fifty weeks from the date of the injury; and that he was also entitled to compensation for total and partial incapacity, together with medical expenses, as stated in the report of the committee and in the findings and decision of the board.

The act provides in § 7 of Part III, as amended by St. 1912, c. 571, § 12, that "the decision of the committee, together with a

statement of the evidence submitted before it, its findings of fact, rulings of law and any other matters pertinent to questions arising before it shall be filed with the Industrial Accident Board." It is also provided in § 10 of Part III, as amended by St. 1912, c. 571, § 13, that "If a claim for a review is filed, as provided in Part III, section seven, the board shall hear the parties and may hear evidence in regard to any or all matters pertinent thereto and may revise the decision of the committee in whole or in part, or may refer the matter back to the committee for further findings of fact."

While in the case at bar the arbitration committee finds upon the evidence that the employee received an injury in the course of and arising out of his employment, it makes no findings of specific facts, nor does it state any conclusions drawn from the evidence in support of the general finding. Upon the question whether the injury did or did not arise out of and in the course of the employment, the only evidence before us is the testimony in narrative form of the employee and of several physicians.

The board made its findings and decision upon the report filed by the committee. Manifestly a finding by the committee that an injury arose out of and in the course of the employment in a given case without any other finding and without report of the evidence presented to the committee, would not be a compliance with Part III, § 7, as it would be impossible for this court to determine upon appeal whether there was evidence to support such finding. So in this case, where findings of fact are made based upon the testimony of witnesses whose credibility is to be determined by the committee, and where different inferences of fact may be drawn from the evidence, it is not sufficient merely to embody the testimony in the report with a finding that the injury arose from and in the course of the employment.

It was contended by the insurer that the condition of the employee was not due to his employment, but had existed long previously thereto. *Doherty's Case*, 222 Mass. 98. In view of the cause of the alleged injury and the evidence relating thereto, it was the duty of the Industrial Accident Board to make such specific and definite findings upon the evidence reported as would enable this court to determine whether the general finding should stand. We do not mean to intimate that specific and detailed

findings of fact are required in every case, as cases may arise where the evidence might be of such a character as would support the general finding and no reasonable inference could be drawn to the contrary.

That a general finding, as was made in this case, is not a compliance with the intention of the Legislature as expressed in the workmen's compensation act, Part III, § 7, as amended by St. 1912, c. 571, § 12, is pointed out in *Madden's Case*, 222 Mass. 487, where it was said by this court in referring to a general finding of the board that "It simply is a categorical repetition of the words in the statute by which the result is reached entitling the employee to compensation, without a statement of what the personal injury was out of which grows the right to money payments." The act should be construed liberally, to the end that the rights of parties may be fully protected. On the other hand, it should not be so interpreted or the procedure thereunder be of such a nature as to jeopardize the substantial rights of either party.

For the reasons stated, the decree is reversed, and the case is to be re-committed to the Industrial Accident Board where the employee may move that findings of specific facts be made upon which the board found that the employee received an injury in the course of and arising out of his employment. If such motion is allowed and further findings made, the case should be considered anew. Otherwise a decree is to be entered in favor of the insurer.

*So ordered.*