FRANKLIN PARK LUMBER COMPANY *vs.* HUIE-HODGE
LUMBER COMPANY.

Suffolk.    March 13, 1923. — September 13, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Evidence*, Competency.    *Practice, Civil*, Requests for rulings.

At the hearing of an action by one corporation against another for breach of
a contract to deliver lumber to the plaintiff, it is not error to admit in evi-
dence a written order of the plaintiff to the defendant for the lumber, which
had been altered on its face, if it appears that the alterations were made
by the defendant's sales manager, who testified in detail as to the changes
and that he thought he was authorized to make the alterations by a tele-
gram, and if there also was testimony that the treasurer and general man-
ager of the plaintiff was shown the order as changed, that he said that it
was all right and that he confirmed in conversation with the sales manager
of the defendant his authorization to make the change.

Exceptions to refusals by a judge, hearing an action without a jury, to grant
certain requests of the plaintiff for rulings which are based on possible
views of evidence, must be overruled where it appears that such views were
rejected by the judge.

CONTRACT for alleged breach of a contract to deliver
certain lumber to the plaintiff.    Writ dated February 10,
1922.

In the Superior Court, the action was heard by *McLaugh-
lin*, J., without a jury.    Material evidence and exceptions
are described in the opinion.    The judge found that the
lumber was delivered, found for the defendant and reported
the action to this court for determination of the question,
whether the plaintiff was aggrieved by the admission in
evidence, in the circumstances described in the opinion, of
" Exhibit 34 " or by the refusal of certain of the plaintiff's
requests.

*J. G. Bryer*, for the plaintiff.

*L. R. Chamberlin*, (*G. S. Pratt* with him,) for the defendant.

RUGG, C.J. This is an action of contract to recover dam-
ages for the alleged failure by the defendant to deliver a
carload of lumber.    The plaintiff contended that it ordered

of the defendant the lumber, that the order was accepted by the defendant, but never filled by it. The case was tried before a judge of the Superior Court, who made a general finding for the defendant and a subsidiary finding upon conflicting evidence that the carload of lumber was in fact delivered. The case is reported on the questions whether the plaintiff was aggrieved by the admission in evidence of Exhibit 34 and by the denial of certain requests for rulings.

Exhibit 34 was the order from the plaintiff to the defendant on which the action was founded. Confessedly it had been changed in some particulars by the sales manager of the defendant, who testified in detail as to the change and that he thought he was authorized to make the alteration by a telegram. There was testimony that the treasurer and general manager of the plaintiff was shown the order as changed, said it was all right and confirmed in conversation with the sales manager of the defendant the authorization to the latter to make the change. Manifestly the exhibit was admissible in evidence.

There was no error in the denial of the several requests. They all relate to matters rendered immaterial by the general finding for the defendant. They are based on possible views of evidence, which plainly were rejected by the judge. *Schlatter* v. *Young*, 197 Mass. 36, 38. *Evans* v. *County of Middlesex*, 209 Mass. 474, 480.

If any of the prayers for rulings can be construed as a request for a general finding for the plaintiff, it is enough to say that the whole case turned upon findings of fact by the judge, which were fully warranted by the evidence and must stand. *Moss* v. *Old Colony Trust Co. ante*, 139.

*Judgment on the findings.*