ETTA E. QUIMBY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 10, 1924. — March 13, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Evidence*, Declaration of deceased person, Remoteness. *Practice, Civil*,
Exceptions: whether error harmful.

At the trial of an action against a street railway company for personal
injuries received by the plaintiff in 1919, the defendant offered in
evidence, as bearing on damages, a statement in writing, signed by a
physician, deceased at the time of the trial, concerning an injury re-
ceived by the plaintiff in a station of the defendant in 1910, including
statements made to the physician by the plaintiff. The judge re-
marked, when objection to this evidence was made by the plaintiff,
that the requirement of the statute was that the deceased must have
made the statement of facts of his own knowledge before the beginning
of the action and in good faith, and ruled that whatever the plaintiff
stated to the decedent might be read. There was a verdict for the
defendant. *Held*, that

(1) In the circumstances the ruling imported a finding of the pre-
liminary facts required by G. L. c. 233, § 65;

(2) The fact that the statement was made by the plaintiff and was
reduced to writing and signed by the decedent, ten or twelve years
before the trial, did not render it incompetent;

(3) The statement bearing only on the question of damages, and the
jury having found for the defendant, the plaintiff would not have been
harmed even if there had been error in the admission of the evidence.

TORT for personal injuries alleged to have been received
by the plaintiff in 1919 while a passenger on a street car of
the defendant.   Writ dated April 8, 1919.

In the Superior Court, the action was tried before
*Raymond*, J.   Material evidence and an exception saved by
the plaintiff are described in the opinion.   There was a
verdict for the defendant and the plaintiff alleged exceptions.

*J. M. Browne*, (*H. A. Baker* with him,) for the plaintiff.

*R. L. Mapplebeck & A. E. Pinanski*, for the defendants,
submitted a brief.

RUGG, C.J.   This is an action of tort to recover compen-
sation for personal injuries alleged to have been received by
the plaintiff, in 1919, while a passenger of the defendant,

through the negligence of its servants. The defendant offered in evidence, as bearing on damages, a statement signed by a physician, deceased at the time of the trial, concerning an injury received by the plaintiff in a station of the defendant in 1910. The judge remarked, when objection to this evidence was made by the plaintiff, that the requirement of the statute was that the deceased must have made the statement of facts of his own knowledge before the beginning of the action and in good faith. In these circumstances the ruling that whatever the plaintiff stated to the decedent might be read imported a finding of the preliminary facts required by G. L. c. 233, § 65. *McSweeney* v. *Edison Electric Illuminating Co.* 228 Mass. 563, 564. *Eldridge* v. *Barton,* 232 Mass. 183.

The fact that the statement was made by the plaintiff, and reduced to writing and signed by the decedent ten or twelve years before the trial did not render it incompetent.

The statement was introduced in evidence only on the question of damages. The jury returned a general verdict for the defendant. Even if there had been error in the admission of evidence on the question of damages, it could not have harmed the plaintiff and the verdict would not be disturbed. *Davis* v. *Elliott,* 15 Gray, 90. *Jordan* v. *Adams Gas Light Co.* 231 Mass. 186. *Franklin Park Lumber Co.* v. *Huie-Hodge Lumber Co.* 246 Mass. 157.

*Exceptions overruled.*