BRIDGET CAREY'S CASE.

Suffolk.    November 10, 1925. — November 11, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: finding by Industrial Accident Board, appeal.

The question, at the hearing by the Industrial Accident Board of a claim under the workmen's compensation act based upon injuries caused by the bursting of an electric light bulb as the employee was cleaning it, whether it was a part of the employee's duty to clean the bulb, was one of fact and a finding for the claimant on that issue was warranted where there was testimony that the employees cleaned the bulbs at various times in the view of and without objection from their overseers and that there was no one whose specific duty it was to clean the bulbs.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting findings by a single member of the board and awarding compensation to the claimant for injuries received as described in the opinion while in the employ of Tecumseh Mills.

In the Superior Court, the case was heard by *Morton, J.,* by whose order a decree was entered in accordance with the decision of the Industrial Accident Board.

The case was submitted on briefs.

*G. Gleason,* for the insurer.

*B. Cook, Jr.,* for the employee.

BY THE COURT.    The employee was injured while attempting to clean the globe or bulb of an electric light, in order to obtain more illumination for her work as weaver. She testified that she "had cleaned these globes sometime ago. She did not think she cleaned them very often. . . . She had seen weavers in the little room cleaning globes." "She never saw weavers in that room cleaning globes." Another witness testified that weavers in that room did clean bulbs. The overseer testified that he never told any of the weavers not to clean the bulbs, that he had "seen weavers clean bulbs

at various times. . . . There was no one there whose specific duty was to clean bulbs." There was other evidence tending to show that it was no part of the weaver's duty to clean the globe or bulb. The question whether the injury arose while the employee was working in the course of her employment was one of fact. There was evidence to support the finding of the board. It must stand. *Pass's Case*, 232 Mass. 515. *Chisholm's Case*, 238 Mass. 412, 419.

*Decree affirmed.*