JOSEPH ROZEK's (dependent's) CASE.

Suffolk.　March 3, 1936. — April 1, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Findings by Industrial Accident Board. *Proximate Cause. Superior Court.*

It appearing, from the record certified to the Superior Court in proceedings under the workmen's compensation act, that death of the employee followed a fall from which resulted a fracture of the skull, that, unless the fall was caused by heart disease, its cause was unexplained by evidence or reasonable inference, and that nothing in the work of the employee could be found to be a factor in causing heart disease, a decree dismissing the claim was required although the Industrial Accident Board had granted compensation.

A fall by an employee while at work, where neither the cause of the fall nor of the resulting injury bears any special relation to his work or to the conditions under which it was performed, though it arises "in the course of" the employment, does not arise "out of" the employment within the meaning of the statute.

CERTIFICATION to the Superior Court under the workmen's compensation act of findings and a decision by the Industrial Accident Board.

In the Superior Court, by order of *Greenhalge,* J., a decree was entered dismissing the claim.

*Nunziato Fusaro,* for the claimant, submitted a brief.

*G. Gleason,* (*W. G. Reed* with him,) for the insurer.

FIELD, J. This is a workmen's compensation case (G. L. [Ter: Ed.] c. 152) in which the widow of a deceased employee claims compensation for the death of her husband. From a decree of the Superior Court dismissing the claim the claimant appealed.

The decree dismissing the claim was right. *Perangelo's Case*, 277 Mass. 59. A decree could not have been entered ordering payment of compensation to the claimant unless such a decree was required as matter of law by findings of fact of the Industrial Accident Board warranted by the evidence. § 11. *Lopes's Case*, 277 Mass. 581, 585.

The issue in controversy before the Industrial Accident Board was "Whether the employee's death was causally related to a personal injury arising out of his employment." The reviewing board affirmed and adopted the findings and decision of the single member. The single member found that "On June 23, 1933, while pushing a hand truck the decedent fell and died almost immediately. At the time he fell he sustained a laceration upon the back of his head two to two and a half inches long." The single member also found and ruled that "on June 23, 1933, the employee sustained an injury, within the meaning of the act, and that there was a causal relationship between the injury he sustained and his death," and ordered compensation paid to the claimant. The reviewing board denied requests of the insurer for findings of fact "excepting in so far as they may be consistent with and material to the findings and decision herein made and affirmed," and granted requests of the claimant for findings of fact "excepting in so far as they may be inconsistent with and not material to" such findings and decision.

The governing statute provides for the payment of compensation to the widow of an employee for his death resulting from "a personal injury arising out of and in the course of his employment." §§ 26, 31. But a finding that an employee "sustained an injury, within the meaning of the act, and that there was a causal relationship between the injury he sustained and his death," does not satisfy the statutory requirement of "findings of fact" (§§ 8, 10), at

least unless the evidence reported is of such a character that "no reasonable inference could be drawn to the contrary." It "was the duty of the Industrial Accident Board to make such specific and definite findings upon the evidence reported as would enable this court to determine whether the general finding should stand." *Mathewson's Case*, 227 Mass. 470, 473-474. For reasons which will appear later the specific findings of the single member adopted by the reviewing board are insufficient to support a general finding for the claimant. And the disposition by the reviewing board of the requests for detailed findings leaves in some obscurity the further findings of the board.

However, laying at one side the question whether the findings of the reviewing board are too indecisive to require a decree in favor of the claimant, we place our decision on the broader ground that the evidence in its aspect most favorable to the claimant did not warrant a general finding that the employee's death resulted from a personal injury arising out of his employment.

The burden of proof was on the claimant. The evidence warranted a finding that the employee while, in the course of his employment, wheeling a hand truck loaded with a roll of cloth weighing one hundred fifty pounds, fell on a rough concrete floor, became unconscious, received a laceration at the base of the skull about two to two and a half inches long and one eighth of an inch wide and died within four or five minutes. The undertaker testified that he "noted blood clotted at the back of the head" and that "there was a depression . . . about an inch and a half in diameter through the bottom of the base." Though there was evidence to the contrary we cannot say that, on all the evidence, a finding that the employee's skull was fractured by the fall was not warranted. And there was some evidence that, if the skull was fractured, the employee's death was caused by the fall.

There was evidence that the employee was in good health when he went to work on the day he died, but there was also evidence — which might have been disbelieved — that his death resulted from heart disease. So far, however, as

there was any evidence of the cause of the fall it tended to show that the fall and the resulting fracture of the skull were caused by heart disease. Unless this was the cause of the fall it remains wholly unexplained by evidence or reasonable inference. There was no evidence that the fall or its consequences resulted from any hazard of the employment. It does not appear that the fall was caused by any exertion or strain — usual or unusual — of the employee in doing his work or by the conditions under which such work was performed. The evidence does not show that the floor was uneven or slippery. The case differs from *Colantueno's Case*, 275 Mass. 1, 4, where the evidence warranted a finding that the work of the employee was a factor in bringing on an acute heart attack. Nor is it like *Bagley's Case*, 256 Mass. 593, where the employee "tripped" while at work in a dimly lighted room. See also *Hallett's Case*, 232 Mass. 49, 52. And the mere fact that the floor was of "rough concrete" was not a hazard of the employment. *Cinmino's Case*, 251 Mass. 158. A fall by an employee while at work, where neither the cause of the fall nor of the resulting injury bears any special relation to his work or to the conditions under which it was performed, though it arises "in the course of" the employment, does not arise "out of" the employment within the meaning of the statute. That there was any such special relation in this case is purely conjectural.

*Decree affirmed.*