PETER FILOSA'S (dependent's) CASE.

Suffolk.    October 5, 1936. — November 4, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, Reviewing board, Findings by Industrial Accident Board, Jurisdiction of Superior Court. *Evidence*, Competency, Declaration of deceased person.

In proceedings under the workmen's compensation act, a statement made by an employee, afterwards deceased, to his physician describing his injury, was admissible if the Industrial Accident Board were satisfied that the conditions of G. L. (Ter. Ed.) c. 233, § 65, were met.

A decision by a reviewing board upon a claim under the workmen's compensation act without recommitting the case to the single member after it had struck out some evidence which it held the member had received improperly, disclosed no error, as it must be assumed that

the board made its decision on reported material evidence considered apart from that struck out.

On certification to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board, which contained no findings that the employee was employed by the insured or that he received an injury arising out of and in the course of his employment, the court had no power to make a decree including such findings, essential to an award of compensation; and the case was ordered remanded to the board for determination of those issues.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board. affirming and adopting the findings and decision of the single member and awarding compensation.

In the Superior Court, a decree in accordance with the board's decision was entered by order of *Hanify*, J. The insurer appealed.

*F. G. Claffie*, for the insurer.

*W. A. Murray*, for the claimant.

PIERCE, J. This is a workmen's compensation case (G. L. [Ter. Ed.] c. 152), in which the widow of an alleged employee seeks compensation for the death of her husband. The insurer appealed to this court from a decree of the Superior Court.

All the material evidence is reported. That evidence warranted the findings of the single member "that this employee on September 24, 1935, while lifting a window with another employee slipped and fell to the ground sustaining an injury to his back and buttocks . . . that on Saturday, September 28 he became totally incapacitated as a result thereof and continued to be so incapacitated until October 25, 1935, when he died"; and that the employee's death was causally related to the injury sustained on September 24, 1935. Presumably in support of his general finding that the employee's death was causally related to the injury, the decision of the single member continued as follows: "The certificate of death sets forth the cause of death as 'Acute backstrain, perineal abscess, septicemia, toxic hepatitis.' Dr. Nicholas Mastroianni testified that the employee died as a result of an infected hematoma of the perineum with abscess formation and a generalized

septicemia, secondary to the abscess. While there was a great deal of discussion as to why the doctor neglected to mention the infected hematoma in the death certificate, this he explained to my satisfaction by stating that the term 'perineal abscess' he believed covered this condition."

At the hearing before the Industrial Accident Board on the claim for review, the insurer presented a motion that the following evidence be struck from the record: "1. 'The history he gave him was that about 7:40 in the morning of the 24th of September he was lifting a window in the course of his work and in the effort of lifting a window he slipped and fell landing on his back and buttocks'" (from Dr. Mastroianni's testimony); "2. Question: 'What in substance did he say to you and did you say to him?' Answer: 'I asked him what was the matter, and he told me he got hurt up at the store; he said while lifting the front window he slipped and fell and hurt his back; and I said "Gee, I hope everything will be be [*sic*] all right," and he said "I guess it'll be all right"'" (from the testimony of the claimant); "2A. 'Present Illness' — History — 'Early in the morning of Sept. 24th, in the course of his employment while opening a window patient slipped and fell'" (from the record of the Milford Hospital); "3. 'She asked him if he did any work and he said that he had not because he was not feeling good'" (from the testimony of the claimant); and "4. 'Asked what she observed with respect to his condition on Wednesday afternoon, witness replied that he was supposed to take her to her mother's in Woonsocket and he said he couldn't, that he was not feeling good enough to so his brother drove her down.'" The reviewing board "sustain[ed] the insurer's exceptions relative to items . . . designated 2, 2A, 3 and 4" and struck "from the record as incompetent the matter excepted to." It denied the motion relative to item 1 "for the reason that no exception relative thereto was taken at the hearing before the single member." The board upon all the evidence (excluding the evidence struck from the record) affirmed and adopted the findings and decision of

the single member and in accordance therewith made the orders which appear in the decree of the Superior Court.

The insurer by this appeal from the decree of the Superior Court raises the following issues: (1) "That there was prejudicial error by the Industrial Accident Board in refusing to grant request numbered 1 in the 'Insurer's Motion to Strike Out Evidence' "; (2) "That there was prejudicial error on the part of the Industrial Accident Board by failing to act and, therefore, denying the insurer's pleading entitled: 'Insurer's Insistence upon Objections' "; (3) "That there was prejudicial error in the failure of the Industrial Accident Board to recommit the case to the single member"; (4) "That there was prejudicial error because of the finding by the Industrial Accident Board in awarding compensation to the dependents"; and (5) "That the decree entered by the Superior Court is not supported by the finding of the Industrial Accident Board."

The insurer contends that the Industrial Accident Board was in error as a matter of law in denying item numbered 1 of the insurer's motion to strike out evidence. We think the motion as to this item was improperly denied on the ground assigned, but was denied rightly on the ground that the declaration was descriptive of the injury which the physician was to treat, or was a declaration of a deceased person which was admissible as evidence under G. L. (Ter. Ed.) c. 233, § 65, if the reviewing board upon the evidence was satisfied that the statement was made in good faith, of his own knowledge, and before these proceedings were brought. *Pigeon's Case*, 216 Mass. 51. *Quimby* v. *Boston Elevated Railway*, 248 Mass. 364.

Respecting the contention of the insurer that the Industrial Accident Board should have recommitted the case to the single member for his reconsideration of evidence without the parts struck from the record, we think there was no error, because the finding of the Industrial Accident Board entirely superseded the finding of the single member. *Ricci's Case*, 294 Mass. 67. And it must be assumed the Industrial Accident Board made its decision upon the

reported material evidence considered apart from the evidence struck from the record.

Relative to issue numbered 5, the insurer rightly contends that the Superior Court was without power to enter a decree that the employee "received a personal injury on September 24, 1935, arising out of and in the course of his employment by the First National Stores Inc." because neither the single member nor the reviewing board made like or similar findings of the fact of employment and that the injury arose out of and in the course of the employment, which are essential to be found under the workmen's compensation act. *Rozek's Case*, 294 Mass. 205. It follows that the decree must be reversed, and the case be considered by the Industrial Accident Board upon the issue, Was the deceased, Peter Filosa, when injured, an employee of First National Stores Inc., and did the injury received arise out of and in the course of his employment by the First National Stores Inc.?

*Decree reversed.*