THEOKOLIS DEMETRIUS'S CASE.

Essex.    February 8, 1938. — November 21, 1939.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Recommittal, Certification.

Sufficient basis for judicial review in a proceeding under the workmen's compensation act was not afforded by a certified record containing merely a finding by a single member of the Industrial Accident Board that the employee sustained an injury which arose out of and in the course of his employment and was the cause of his then physical condition, a finding to the contrary by a reviewing board and a reversal of the single member's decision, together with a statement of the material evidence, which warranted either of the contrary findings; and the case should have been recommitted to the board to make explicit subsidiary findings.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The case was heard by *Donnelly*, J.

*E. M. Dangel*, (*J. S. Mooradian* & *S. Andelman* with him,) for the claimant.

*T. N. Foynes*, (*J. J. Buckley* with him,) for the insurer.

DONAHUE, J.    This is an appeal by an employee from a final decree entered in the Superior Court dismissing his claim for compensation under the workmen's compensation act.  G. L. (Ter. Ed.) c. 152.  His contention was that he was suffering from asthma as the result of inhaling a certain dust while engaged in the performance of the duties of his employment.

A single member of the Industrial Accident Board found "on all the evidence" that the employee "is suffering from asthma and that his condition is causally related to an injury received in the course of and arising out of his employment."  The record, as required by the act (G. L. [Ter. Ed.] c. 152, § 8), contains a statement of the evidence before the single member.

The reviewing board, acting upon the insurer's claim of review, after a hearing, filed the following "Findings and Decision": "The report of the board member contains all the material evidence. The reviewing board, upon all the evidence, reverse the findings and decision of the single member and find that the employee did not suffer a personal injury arising out of and in the course of his employment as alleged and the condition from which he is suffering is not causally related to such an injury. The reviewing board accordingly dismiss his claim for compensation."

The employee, in accordance with the provisions of § 11 of the act, brought the decision of the board before the Superior Court. The employee there filed a motion for the recommittal of the case, with an order instructing the Industrial Accident Board that further testimony be heard on the question of dust exposure, that the board make explicit findings of fact and definite rulings of law, and that the diagnosis of the industrial disease referees appointed under G. L. (Ter. Ed.) c. 152, § 9B, be included in the decision of the reviewing board. This motion was denied and a decree was entered dismissing the employee's claim for compensation.

It is true that, in proceedings under the workmen's compensation act, a reviewing board may reverse the findings of the single member and make findings contrary to those made by him, that the board's findings supersede those of the single member, and that the board in reversing findings of the single member may base its findings on a disbelief of evidence to which the single member has given credit. *Sonia's Case,* 234 Mass. 475. *Fountaine's Case,* 246 Mass. 513, 516, 517. *Souza's Case,* 269 Mass. 441, 444. *Rackowski's Case,* 273 Mass. 363. *Schenck's Case,* 293 Mass. 526, 530.

But it is also the rule that it is the duty of a reviewing board to set out its findings in a form sufficiently explicit that the correctness of its general findings may be reviewed, unless the evidence is such that no reasonable inference can be drawn therefrom to the contrary. *Cahill's Case,* 295 Mass. 538, 539. *Rozek's Case,* 294 Mass. 205, 206–207.

*Di Clavio's Case*, 293 Mass. 259, 261–262. *Ward's Case*, 286 Mass. 72, 76, 77. *Mathewson's Case*, 227 Mass. 470, 474. *Madden's Case*, 222 Mass. 487, 488.

In *Cahill's Case*, 295 Mass. 538, at page 539, it is said: "A mere general finding in the terms of the statute that the employee's injury 'arose out of and in the course of his employment' is not a compliance with the intention of the Legislature as expressed in the workmen's compensation act." It was said in *Rozek's Case*, 294 Mass. 205, at pages 206–207: "a finding that an employee 'sustained an injury, within the meaning of the act, and that there was a causal relationship between the injury he sustained and his death,' does not satisfy the statutory requirement of 'findings of fact' (§§ 8, 10), at least unless the evidence reported is of such a character that 'no reasonable inference could be drawn to the contrary.' " The language employed by the reviewing board in its finding in the present case is substantially the same as the language in the *Rozek* case. In *Mathewson's Case*, 227 Mass. 470, 473, 474, it is said that "where findings of fact are made based upon the testimony of witnesses whose credibility is to be determined . . . and where different inferences of fact may be drawn from the evidence, it is not sufficient merely to embody the testimony in the report with a finding that the injury arose from and in the course of the employment," and, that "a general finding, as was made in this case, is not a compliance with the intention of the Legislature as expressed in the workmen's compensation act."

The finding of the reviewing board in the present case consisted merely of two general conclusions without the statement of a single fact on which the conclusions were based. This is not a case where on the evidence no reasonable inference can be drawn contrary to the finding of the board. There was ample evidence to warrant a finding for the employee. A court cannot from the general findings which the board here made "determine with reasonable certainty whether or not correct rules of law have been applied to facts which could properly be found" and such a determination "is a necessary part of the judicial

review for which the workmen's compensation act provides." *Di Clavio's Case*, 293 Mass. 259, 262.

The present case is not like *Cahill's Case*, 295 Mass. 538, 539, where there were specific findings of fact which, alone, were insufficient to support the general findings of the reviewing board but nevertheless adequately showed the view of the facts that was taken by the reviewing board.

The broad general findings of the board in this case do not disclose the view that it took of the facts. They do not comply with the requirements of the act. They do not afford the material for the judicial review of the board's action to which the employee is entitled.

The decree of the Superior Court that the employee's claim for compensation be dismissed must be reversed, and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

*So ordered.*