## Leo B. Judkins's (dependent's) Case.

Suffolk. October 5, 1943. — December 27, 1943.

Present: Field, C.J., Lummus, Dolan, Cox, & Ronan, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Findings by Industrial Accident Board.

Evidence did not warrant a finding that an injury sustained by a salesman when operating an automobile of his employer was an injury which arose out of and in the course of his employment although it was sustained within a territory assigned to him by his employer.

Upon a record in a workmen's compensation proceeding which included all material evidence before a single member of the Industrial Accident Board and a report of his findings which was irregular and defective in that it did not state subsidiary findings on determinative issues but merely a general conclusion, adopted by the reviewing board in dismissing the claim, that the employee's injury did not arise out of and in the course of his employment, this court affirmed a decree dismissing the claim, notwithstanding the insufficiency of the record, since it determined that the evidence would not have warranted a conclusion contrary to that of the board.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim.

The case was heard by *Fosdick*, J.

*R. H. Taylor*, for the claimant.

*M. R. Bean*, for the insurer.

Dolan, J. This workmen's compensation case comes before us upon the appeal of the claimant, as the dependent widow and "administratrix" of the estate of the deceased employee, from the decree entered in the Superior Court dismissing the claim for compensation.

At the outset it is necessary once more to state certain

settled requirements of the statute governing the report and decision of the single member and the reviewing board in workmen's compensation cases with which we have dealt in a number of prior decisions. General Laws (Ter. Ed.) c. 152, § 8, provides in part that "the decision of the member, together with a statement of the evidence, his findings of fact, [and] rulings of law . . . shall be filed with the department." In the instant case all the material evidence appears in the record. *Brightman's Case*, 220 Mass. 17. *Bean's Case*, 227 Mass. 558, 561. It is settled, however, that it is the duty of the single member and the reviewing board to make such specific and definite findings upon the evidence reported as will enable this court to determine with reasonable certainty whether correct rules of law have been applied, *Zucchi's Case*, 310 Mass. 130, 133, and that mere general conclusions unaccompanied by findings of fact "as a basis to support them do not comply with the intention of the Legislature, as expressed in the workmen's compensation act . . . [and that they] do not satisfy the statutory requirement of findings of fact (§§ 8, 10) 'at least unless the evidence reported is of such a character that "no reasonable inference could be drawn to the contrary." ' " *Craddock's Case*, 310 Mass. 116, 125, and cases cited.

In the instant case the decision of the single member adopted by the reviewing board consists, for the most part, of a recital of portions of the testimony of certain witnesses which have no proper place in the decision and findings. As before noted, all the material evidence appears in the record. The recital of portions of it in the decision and findings of the single member, without findings of fact concerning them, added nothing to the decision and findings. The only findings of fact contained in the decision, so far as we are able to separate them from recitals of testimony, may be summed up as follows: "On July 2, 1934 the day of the accident, between four and six o'clock in the evening the deceased and Miss Ruth Hardy registered at the Rockingham Hotel in Portsmouth, New Hampshire as Mr. and Mrs. L. B. Judson and wife, Boston, Massachusetts. Miss Ruth Hardy was also employed by the C. L. Stevens Leather Company. . . .

On July 3, 1934 the deceased and Miss Hardy died of injuries sustained by them as a result of an automobile accident on the State Highway near Foyes Filling Station in Kittery, Maine. Leo B. Judkins was taken to the York Hospital, York Maine, where he died on July 3, 1934 at 2 A.M. from an internal hemorrhage." Several actions were brought by the claimant against various persons as a result of the accident and death of the employee, including actions against the "employer," an investigator and a former counsel for the claimant. The decision of the single member concludes as follows: "The claimant filed a claim for compensation with the Industrial Accident Board on October 25, 1940, more than six years after the date of the accident. Upon all the evidence and the reasonable inferences to be drawn therefrom, I find and rule that the death of Leo B. Judkins was not due to or causally related to an injury arising out of and in the course of his employment. The claim for compensation is dismissed. In view of this decision, I am not passing on the other issues raised." The "other issues raised" follow: "(2) Notice. (3) Prejudice. (4) Claim. (5) Rights under G. L. c. 152, s. 15."

It is manifest that the foregoing findings of fact do not of themselves show the correctness of the conclusion of the single member of the board, adopted by the reviewing board, that the death of the employee was not due to or causally related to an injury arising out of and in the course of his employment, or the decree entered by the judge adjudging that the employee did not receive a personal injury arising out of and in the course of his employment on July 2, 1934, while in the employ of the C. L. Stevens Leather Company. There is no finding by the single member or by the reviewing board bearing upon the character of employment of the deceased, nor as to the circumstances attendant upon the accident which caused his death. The report is irregular and defective. Accordingly, we must look to the report of all the material evidence to determine whether it is of such a character that no reasonable inference could be drawn contrary to that of the single member adopted by the reviewing board.

The evidence reported would have warranted the finding of the following facts: The employee was married to the claimant, and last lived with her on Sunday, July 1, 1934, in Groveland. He was employed by the C. L. Stevens Leather Company as a salesman of sole leather. On the day just mentioned above, he left his home in Groveland, telling his wife that on "this particular trip he was going to Portland, Gardner, Augusta, and Lewiston," that he would be in Portland on that "Sunday night," that "the next day he would get the orders on his business," and that he would be home late on Tuesday night (July 3). His sales territory covered Maine and New Hampshire. On Monday, July 2, 1934, "before supper," the employee and a Miss Hardy, who was also in the employ of the same employer, registered at the Rockingham Hotel in Portsmouth, New Hampshire, under the names of Mr. and Mrs. L. B. Judson, and a room was assigned to them. Between 9 and 10 P.M. on that evening, the employee and Miss Hardy were driving in the employer's automobile on the State highway near Foyes filling station, in Kittery, in the State of Maine. As a result of a collision with another automobile both were injured and died shortly thereafter. The place of the collision was within the employee's sales territory. He could use his judgment "where he would go, where he would stay, when he would work and how he would work when on the road." His general territory was about Portsmouth as well as in Maine. On July 4, 1934, the claimant sent two messengers to the hotel in Portsmouth to obtain the employee's "belongings." They were found in the hotel room that had been assigned to the employee and were returned to the claimant. Miss Hardy's effects were found in the same room. The claimant paid $14 to the hotel management for the room assigned ("for two days"). After the accident the employee's sole leather samples were found in the automobile which he had been driving, but "the order books were gone." They were later delivered by the undertaker to the claimant. Thereafter the claimant caused the various actions to be brought, referred to in the decision of the single member,

but all of them resulted in favor of the respective defendants.

The claimant had the burden of establishing by a preponderance of the evidence that the injury which caused the death of the employee arose out of and in the course of his employment. *Rozek's Case*, 294 Mass. 205, 207–208. "The essential facts need not necessarily be proved by direct evidence but may be established by reasonable inferences drawn from facts shown to exist. . . . The decision of the board is to stand unless it is unsupported by the evidence, including all rational inferences that the testimony permitted." *Sawyer's Case*, *ante*, 75, 76. And the decision of the board is to stand whether it was right upon express facts found or upon the failure of the claimant to sustain the burden of proof resting upon her. If the evidence was insufficient in law to sustain that burden, the conclusion by the board that the employee's death was not caused by an injury which arose out of and in the course of his employment must stand.

In the instant case we are of opinion that the evidence was insufficient in law to sustain the burden just referred to. There is nothing in the evidence to show affirmatively or by inference upon what errand the employee was travelling at the time of the accident. The evidence does not disclose what his activities were on Sunday, July 1, 1934, when he left his home, nor at any time between then and his arrival at the hotel in Portsmouth before supper on the Monday following. He told his wife that he would be in Portland on Sunday night and that he would be home late on Tuesday night. His personal effects remained in the room at the hotel in Portsmouth which had been assigned to him and Miss Hardy on Monday. On "this particular trip" he was going to Portland, Gardner, Augusta and Lewiston. While the highway upon which he sustained the injury resulting in his death was in his sales territory, the time of the accident was beyond usual business hours. There was no evidence to show that it was customary for the employee to engage in his work for his employer at such hours, or that some emergency made that necessary at the time of the

accident. His activities after leaving his home on Sunday, so far as shown, were not consistent with the statements made by him to his wife, the claimant, with regard to his proposed itinerary. There was no evidence to show any business activity on his part at any place on Monday (a business day) when the accident occurred. His order books had been returned to the claimant by the undertaker and she delivered them to the employer's chauffeur. There is nothing in the evidence to show their contents. The mere fact that the injury was sustained in his sales territory is not sufficient to establish that the injury arose out of and in the course of his employment.

Upon all the evidence and the reasonable inferences therefrom we are of opinion that the evidence was insufficient in law to sustain the burden of proof resting upon the claimant, and that therefore the decision of the single member adopted by the reviewing board and the decree entered by the judge must stand.

This opinion is that of a majority of the court.

*Decree affirmed.*