## JOSEPH H. GRIFFIN'S CASE.

Suffolk.   April 3, 1945. — May 9, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Reviewing board. *Agency*, What constitutes, Independent contractor.

Failure of a single member of the Industrial Accident Board to report findings in sufficient detail to permit a determination of the question, whether correct principles of law had been applied to warranted findings of fact, became immaterial where a reviewing board, on evidence duly reported by the single member, made findings satisfying the requirements of the workmen's compensation act as to detail and definiteness.

Findings by a reviewing board under the workmen's compensation act that a claimant, an expert woodcutter, was hired by the alleged employer "to cut wood on a certain parcel of land at a contract price of $8 per cord; that the claimant furnished his own tools and could begin and stop work at any time he so desired . . . that he was not

under the control of anyone while doing this work . . . [and that] therefore . . . the claimant was not an employee under the act, but an independent contractor," satisfied the requirements of the act as to detail and definiteness of findings by the board and, being warranted by evidence reported by a single member, required dismissal of the claim.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board dismissing a claim under the workmen's compensation act.

In the Superior Court, the case was heard by *Goldberg*, J.

*J. E. Hannigan*, for the claimant.

*A. F. Smith*, for the insurer.

SPALDING, J.    The claimant, an itinerant woodcutter, was injured while working on a wood lot owned by the Sharon Box Company.    He was required to prove, as one of the elements of his right to compensation, that he was an employee.    G. L. (Ter. Ed.) c. 152, §§ 1 (4), 26, as amended.    *Sluzis's Case*, 292 Mass. 351, 355.    The single member made a categorical finding that the claimant was not an employee but an independent contractor, [1] and dismissed the claim for compensation.    The reviewing board after adopting the finding and decision of the single member found "that the claimant, an expert woodcutter, was hired by Mr. Rhodes, the owner of the Sharon Box Company, to cut wood on a certain parcel of land at a contract price of $8 per cord;  that the claimant furnished his own tools and could begin and stop work at any time he so desired, . . . that he was not under the control of anyone while doing this work . . . [and that] therefore . . . the claimant was not an employee under the act, but an independent contractor."    The claim for compensation was dismissed, and this decision was affirmed by a decree of the Superior Court from which the claimant appeals.    The record as required by the act (§ 8) contains a statement of all the evidence before the single member.

It is argued by the claimant that the finding of the single member was too general to enable this court to determine its correctness and that therefore we must look to the report

---

[1] This was the only finding made by the single member. — REPORTER.

of the evidence to determine whether no reasonable inference could be drawn to the contrary. See *Judkins's Case*, 315 Mass. 226, 228; *Rozek's Case*, 294 Mass. 205, 206, 207. He further argues that this defect was not cured by the findings of the reviewing board. If the only finding were that of the single member, there would be merit in this contention. Such a finding would not satisfy the statutory requirement of "findings of fact." G. L. (Ter. Ed.) c. 152, § 8. *Rozek's Case*, 294 Mass. 205. *Demetrius's Case*, 304 Mass. 285, 286–287. *Belezarian's Case*, 307 Mass. 557, 560. But the findings and decision of the reviewing board entirely superseded the decision of the single member, which thereafter became of no importance. *Di Clavio's Case*, 293 Mass. 259, 261. *Filosa's Case*, 295 Mass. 592, 595. The reviewing board had the duty of making such specific and definite findings upon the evidence reported as would enable this court to determine whether the general finding should stand. *Mathewson's Case*, 227 Mass. 470, 473. *Roney's Case*, 316 Mass. 732, 734–735, and cases cited. In *Roney's Case* we said, at page 735, "The purpose of subsidiary findings is to preserve to the parties the right of review of questions of law involved in an ultimate finding, by enabling the reviewing court . . . , which can review only questions of law, to determine whether such ultimate finding was based upon correct principles of law." The findings of the reviewing board in the case before us, although brief, in our opinion satisfy this requirement. *Di Clavio's Case*, 293 Mass. 259. See *Cahill's Case*, 295 Mass. 538, 539. The findings here contain more than those held to be insufficient in *Judkins's Case*, 315 Mass. 226, *Craddock's Case*, 310 Mass. 116, and *Demetrius's Case*, 304 Mass. 285.

The decision of the reviewing board is to stand unless it is unsupported by the evidence, including all rational inferences that the testimony permitted. *Sawyer's Case*, 315 Mass. 75, 76. *Borstel's Case*, 307 Mass. 24, 25–26. *Rich's Case*, 301 Mass. 545, 547. We have examined the evidence and are satisfied that it amply warrants the findings of the reviewing board. No useful purpose would be served in reciting this evidence. The principles applicable in de-

termining whether one is an employee or an independent contractor are fully discussed in *McDermott's Case*, 283 Mass. 74, and need not be repeated. The reviewing board correctly applied them in the case at bar.

*Decree affirmed.*