## JAMES McMANUS'S CASE.

Suffolk. November 6, 1951. — December 3, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause.*

A finding that an employee sustained an injury arising out of his employment was warranted in a workmen's compensation case by evidence that he suffered a back strain as he stooped over to pick up from the floor the hose of a vacuum cleaner which he was using in his work.

Evidence in a workmen's compensation case warranted a finding that a back strain suffered by the employee was a new injury independent of and not a recurrence of a previous back strain suffered by him.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Cahill, J.*

*F. B. Hobart,* for the self insurer.

*J. Bear,* (*B. A. Delaney, Jr.,* with him,) for the claimant.

RONAN, J.   This is an appeal by a self insurer from a decree of the Superior Court awarding workmen's compensation to an employee who the reviewing board found sustained a low back strain on April 12, 1950, as he stooped over to pick up from the floor a hose connected with a vacuum cleaner which he was using in the course of his employment, as a porter, in cleaning the floor under certain machines during the noon hour while the operators of those machines were at lunch.

The self insurer contends that the evidence does not warrant a finding that the employee sustained an injury arising out of and in the course of his employment.

The decision of the single member dismissing the claim was superseded by that of the reviewing board, *Webb's Case,* 318 Mass. 357, and the findings of the board are not to be reversed unless lacking in evidentiary support or unless different findings are required as matter of law.   *Chapman's Case,* 321 Mass. 705.   There was ample evidence that the alleged injury occurred while the employee was actually engaged in the performance of his duties of a porter.   *Sanderson's Case,* 224 Mass. 558.   *Uzzio's Case,* 228 Mass. 331.   *Carey's Case,* 253 Mass. 537.   *Warren's Case,* 326 Mass. 718, and cases cited.   The self insurer points out that the employee was not lifting anything as he was bending over to pick up the hose and consequently no stress could have been put upon his back, and also that, if he did experience a strain as he was reaching for the hose, the strain was due to one of the most common movements of the body, which almost invariably is not accompanied by any harmful effects and therefore could not result in a compensable injury.   That the strain occurred as he stooped over could be found to be a fact from the testimony of the employee, supported by the

testimony of his physician and to some extent by that of a fellow employee. Whether the injury arose out of the employment was a question of fact for the determination of the board. It could also be found that his employment exposed him to the risk of such injury. *Caswell's Case*, 305 Mass. 500. *Souza's Case*, 316 Mass. 332. A back injury causally connected with employment is a compensable injury under the act, *Jarvis's Case*, 274 Mass. 305, and it need not necessarily result from unusual force or exertion although, of course, it would be more difficult to prove the causal relation of the injury to the employment where the stress upon the back was neither unusual nor heavy. *Brzozowski's Case, ante*, 113. It has been held that a strain caused merely by stooping down or bending over in the course of his employment entitles the employee to compensation for the resulting incapacity. *Kauffman* v. *Co-operative Refinery Association of Coffeyville*, 170 Kans. 325. *Werner* v. *Psaty & Fuhrman, Inc.* 289 N. Y. 670. *Rosenberg* v. *Netherland Cab Co.* 269 App. Div. (N. Y.) 914.

The employee had suffered a back strain on August 31, 1948, for which he was paid compensation. After he recovered from this injury he was examined by two physicians when he applied for a job and was found to be all right except for his hearing, but he did not get the job because of his hearing. He was examined by the self insurer's physician before he was hired on August 15, 1949. The employee testified that his back was then in perfect condition and that he had no trouble with his back until the injury of April 12, 1950. There was also evidence that the location of the first strain was different from that of the second one. The evidence was sufficient to sustain the finding of the board which in effect was that the second strain was a new injury independent of and separate from the first and was not a recurrence of the first. The decision awarding compensation for total incapacity was not wrong. *Evans's Case*, 299 Mass. 435. *Mizrahi's Case*, 320 Mass. 733. *Morin's Case*, 321 Mass. 310.

The employee was awarded $500 for costs and expenses

in the Superior Court. In the absence of any objection to this amount by the self insurer, we do not reverse the final decree in this respect.

Reasonable costs for attorney's fees, briefs and other necessary expenses of the employee resulting from the appeal to this court are to be allowed by the single justice.

The decree of the Superior Court is affirmed.

So ordered.