NAJEEB SARKES'S CASE.

Suffolk.    January 9, 1958. — February 5, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: findings by Industrial Accident Board, jurisdiction of Superior Court. *Proximate Cause.*

A finding by the Industrial Accident Board in a workmen's compensation case that a hernia suffered by the claimant was not causally related to a compensable hernia previously suffered by him and did not arise out of and in the course of the claimant's employment was supported by the evidence and was final, and required reversal of a decree of the Superior Court awarding compensation for the later hernia and dismissal of the claim.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Swift*, J.

*Terence F. Riley*, for the insurer.

*Francis X. Goode*, for the claimant.

RONAN, J. This is an appeal from a decree awarding workmen's compensation for an alleged recurrent hernia.

The claimant on October 29, 1945, sustained a right inguinal hernia and while that was being repaired it was discovered that he also had a hernia on the left side. Both were repaired. Compensation was paid from November 6, 1945, to February 16, 1946. A dispute arose as to whether the compensation included the hernia on the left side. Thereafter, on August 20, 1946, with the approval of the Industrial Accident Board, the case was lump summed by the payment of $75. In April, 1953, the claimant was found to be again suffering from a strangulated hernia on the right side. He was operated upon and this hernia repaired. The claimant's physician testified that the second hernia "is directly related to the first hernia which recurred . . . if he didn't have the first hernia and operation, he wouldn't have a second." A medical expert called by the insurer testified that the hernia of April, 1953, was not causally related to the inguinal hernia of October 29, 1945, and gave his reasons for his opinion. The single member followed this opinion and found that the second hernia was not causally related to the hernia of October 29, 1945, and did not arise out of and in the course of the claimant's employment but arose while the claimant was laying linoleum in his house in January or February, 1952. The reviewing board affirmed and adopted the findings and decision of the single member and dismissed the employee's claim for compensation. On appeal the Superior Court awarded compensation.

The chief function of the Industrial Accident Board is to determine the facts, *Corey's Case, ante,* 172, and its determination is final unless unsupported by the evidence or tainted by error of law. The only question presented is whether the second hernia was causally related to the first.

That was a question of fact. The finding that there was no causal relation was amply supported by evidence. The finding that the second hernia was a new injury, independent of and not a recurrence of a previous injury, was warranted. *McManus's Case*, 328 Mass. 171. *Franklin's Case*, 333 Mass. 236.

The final decree is reversed and a decree dismissing the claim is to be entered.

*So ordered.*