Brassard, J.
This is an action by the petitioner pursuant to G.L.c. 30A seeking judicial review of a Contributory Retirement Appeal Board (“CRAB”) decision.
BACKGROUND
The petitioner, Hazel Pieloch (“Pieloch”), was employed as a teacher in the Worcester school system from 1968 to December 20, 1983 when she bent down to pick up a ruler on the floor while teaching a science class, and suffered injuries to her back. Prior to this incident, Pieloch sustained back injuries on three occasions: when she reached for a cup of coffee in February 1977 (away from work); when she was in a car accident in August 1977; and when she slipped on water in a school hallway in 1981. Pieloch was relatively asymptomatic from January 18, 1982 until December 20, 1983 when she stooped to pick up the ruler. She has not returned to work since that date. Pieloch alleges that the act of bending over to pick up the ruler aggravated a preexisting back injury.
On January 11, 1985, Pieloch submitted an application for accidental disability retirement with the Teacher’s Retirement Board under the provision of G.L.c. 32, §7. A regional medical panel was convened on July 9, 1985. By a decision dated November 24, 1986, the panel unanimously found the existence of a disability but found no likelihood of its permanence, as well as a lack of causation, and denied Pieloch’s application. At the request of the Teacher’s Retirement Board, a new panel was appointed because the Board believed the first panel employed an erroneous standard.
In May 1986, a second regional medical panel was convened The three doctors on this panel were all in practice together at the Berkshire Orthopedic Associates, Inc. This panel found a permanent disability and a causal relationship between the present disability and the injury. By a decision dated November 24, 1986, the Teacher’s Retirement Board voted to deny Pieloch’s application.
Pieloch appealed the Board’s November, 1986 decision under G.L.c. 32, §16(4). On October 20, 1987, the Administrative Magistrate found the medical panel was flawed because the three panel members practiced together and therefore could not comprise an independent panel within the meaning of G.L.c. 32, §6(3) (c). She also found that the panel employed erroneous standards.
Despite the flaws in the medical panel, the Magistrate found Pieloch had not established a “personal injury” within the meaning of G.Lc. 32, §7 and, therefore, did not recommend convening a new panel. She further recommended that CRAB affirm the Board’s denial of the application. She reasoned that because Pieloch’s original back injury in 1977 was not work related, Pieloch could not succeed under an aggravation of injury theoiy, because “bending is simply too common among necessary human activities to constitute identifiable conditions of employment” relying on Zerofski’s Case, 385 Mass. 590, 596 (1982) (standing and walking too common among human activities to constitute identifiable conditions of employment).
CRAB affirmed the Administrative Magistrate’s decision on January 14, 1988. CRAB found that Pieloch had failed to sustain her burden of establishing that she sustained a “personal injury” in the performance of her duties.
Pieloch filed in Superior Court for judicial review of CRAB’s decision pursuant to G.L.c. 30A, §14. CRAB’s decision was reversed because the court found, as a matter of law, that Pieloch presented a “personal injury” within the meaning of G.L.c. 32, §7. The matter was remanded to the agency for a new medical panel based on errors in that panel found by CRAB and the Administrative Magistrate.
A new medical panel was convened. Pieloch was examined by Drs. Alan Brenner, Walter Carver, and John Duff. All the doctors certified that Ms. Pieloch is totally and permanently disabled. Dr. Brenner found a causal connection between the injury and the permanent disability. Drs. Carver and Duff did not find a causal connection.
On February 28, 1992, the Teacher’s Retirement Board denied Pieloch’s application for accidental disability retirement. Pieloch appealed the Board’s decision under G.L.c. 32, §16(4). On August 15, 1994, the Administrative Magistrate affirmed the decision of the Board based on her reasoning that bending over to pick up a ruler, without more, is not a personal injury under G.L.c. 32, §7 as interpreted by Adams v. Contributory Retirement Appeals Board, 414 Mass. 360 (1993). The Administrative Magistrate opined that even if it were a personal injury, Pieloch cannot prevail because a majority of the medical panel did not find a *249 causal relationship. The Administrative Magistrate stated, without giving any reasons therefor, that Pieloch did not show that the medical panel lacked pertinent facts or applied an erroneous standard.
CRAB affirmed the Administrative Magistrate’s decision on December 22, 1994 on the grounds that Pieloch did not present a “personal injury” within the meaning of the statute. Specifically, CRAB held that Pieloch’s injury was sustained as a result of a “common movement” and was therefore not compensable under Adams.
Pieloch then filed the present action for judicial review of CRAB’S decision pursuant to G.L.c. 30A, § 14.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass. App. Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n., 386 Mass 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n., 372 Mass. 152, 154 (1977).
General Laws c. 30A, § 14(7) (c), provides that a court may set aside, modify or remand to the agency an agency’s decision if it determines “that the substantial rights of any party may have been prejudiced because the agency decision is based on an error of law.”
An employee may retire when he or she “becomes totally and permanently incapacitated for further duty ... by reason of a personal injury sustained ... as a result of, and while in the performance of, his duties at some definite place and at some definite time . . .” G.L.c. 32, §7. The term “personal injury” is to be given the same meaning accorded it under the Workers’ Compensation Act. Zavaglia v. Contributory Retirement Appeal Board, 345 Mass. 483, 486 (1963).
In order to succeed in an application for accident disabiliiy retirement benefits under G.L.c. 32, §7, the plaintiff had to prove that her disability “arose ‘either from a specific incident or series of incidents at work, or from an identifiable condition that is not common and necessary to all or a great many occupations.’ ” Adams v. Contributory Retirement Appeal Board, 414 Mass. 360, 365 (1993) (quoting Zerofski’s Case. 385 Mass. 590, 595 (1982)).
In affirming the Administrative Magistrate’s decision, CRAB relied on Adams to find that Pieloch’s injury is not a personal injury within the meaning of the statute. In Adams, the plaintiff was a school teacher who sought benefits for her disabling back pain. Adams alleged that the walking, standing and frequent bending over that her job as a school teacher required had weakened her back over time and caused the disabling pain. The court in Adams held that this “ordinary wear and tear” was not a compensable personal injury because walking standing, and bending over is common to necessary human activities and to many jobs.
The court’s decision in Adams is distinguishable from the case presented by Pieloch. Pieloch is claiming entitlement to benefits based on a specific incident which occurred at a specific time and in a specific location at work. In Adams the claim was based on the cumulative effects of standing, walking and bending over. Where the injury is caused by a specific event, the plaintiff need not prove that the event was one that is not common to a great many jobs. See Adams, 414 Mass. 360 at 367 n.7.
This court finds as a matter of law that, in this context, bending over to pick up a ruler is a compen-sable personal injury. Pieloch presents a specifics identifiable injury, incident, or event which occurred in a definite time and place. G.Lc. 32, §7. See Albanese’s Case, 378 Mass. 14, 18 (1979). She was clearly in the performance of “incidental duties” of her employment “in any of its aspects” when she bent over to pick up the ruler while teaching a science class. G.L.c. 32, §7. See McManus’s Case, 328 Mass. 171, 173 (1951) (back strain caused merely by stooping down or bending over in the course of employment entitles employee to compensation for resulting incapacity). Giving the words of the statute their ordinary and plain meaning, the injury arose “as a result of’ and “in the performance of her duties; therefore, it is a personal injury. See Arruda v. Contributory Retirement Appeal Board, 28 Mass.App.Ct. 366, 368 (1990).
This court therefore reverses, as a matter of law, CRAB’s construction of the term “personal injury” because it was based on an error of law. It appears that CRAB, in affirming the denial of benefits based on its conclusion that Pieloch’s injury was not a “personal injury” within the meaning of the statute, did not consider Pieloch’s argument that the medical panel used an improper standard in determining that there was not a causal relationship between the injury sustained and her disability. Therefore, this matter will be remanded to CRAB for further consideration of Pieloch’s appeal in accordance with the findings of this court.
ORDER
It is hereby ORDERED that the decision of the Contributory Retirement Appeal Board be REVERSED. It is further ORDERED that this case be REMANDED to the agency for further proceedings in light of this opinion.