### LEON J. MORIN'S CASE.

Suffolk. May 7, 1947. — May 28, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Proximate Cause. Workmen's Compensation Act, What insurer liable.*

No error appeared in a decree in a proceeding under the workmen's compensation act awarding compensation to an employee for incapacity following a second injury to his hand while working for the same employer, to be paid by the employer as a self insurer on the risk at the time of the second injury, where there was evidence warranting a finding that there was a causal connection between such incapacity and the second injury, although an impartial physician had found that the employee's "condition would seem causally related to both accidents but it is impossible to say which one played the major part, probably the first," and where the record disclosed that the question, whether such incapacity was caused by the first injury rather than by the second injury, was not raised before the Industrial Accident Board and no specific finding on the question was made.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the workmen's compensation act.

A decree was entered by order of *Buttrick*, J.

*R. J. Coffin*, for the employer.

*J. D. O'Hearn*, for the claimant.

RONAN, J. This is an appeal from a decree awarding compensation to an employee who sustained an injury on December 4, 1943, and a second injury on January 5, 1945, while working for the same employer. The sole contention of the employer, who was a self insurer, is that the evidence was insufficient to prove that the present disability was due to the second injury rather than to the first one.

There was evidence that the employee's right hand was caught in a riveting machine on December 4, 1943, fracturing the fifth metacarpal bone and the proximal phalanges of the little and middle fingers, and lacerating all the fingers and the palm of the hand. The fractures were reduced and his wounds sutured. Later there was an open reduction

of the fracture of the middle finger, and a bone plate was inserted. The employee returned to work doing various kinds of work which did not require much use of the right hand. On January 5, 1945, while grinding metal clips on an emery wheel, a spark got into the glove on his right hand and in attempting to knock off the glove he struck the hand against the machine, again fracturing the fifth metacarpal bone and apparently causing some disturbance of the bone plate on his middle finger. He was paid compensation to September 4, 1945, when he returned to work. One of the screws on the bone plate had become loose several months before October, 1945, and he had it removed. He had so much pain in his hand that he quit work on October 11, 1945, and consulted a physician, who found that the remaining screws had become loose and were causing him much pain. There was considerable swelling and tenderness on both sides of the middle finger, which was deformed and did not flex into the palm but flexed over the ring finger due to the rotation present in one of the joints. This physician removed the remaining screws and the bone plate. The impartial physician reported that after the second accident the middle finger became and remained quite sore; that an operation would correct the rotation present in this finger but, there having been three operations, a fourth should not be undertaken without some trepidation and might result in a stiff finger; and that "his present condition would seem causally related to both accidents but it is impossible to say which one played the major part, probably the first." The employee has worked as a helper on a truck since February, 1946. The single member found that the employee was entitled to compensation for total incapacity from October 12, 1945, to February 4, 1946, and for partial incapacity thereafter, and specific compensation for the loss of the use of the middle finger. The board affirmed these findings.

There is nothing in the record to show that either the single member or the board was requested to determine whether the incapacity of the employee was caused by the first rather than the second accident, or that the rights of

the employer as a self insurer would be less adversely affected by a finding that it was caused by the first and not by the second accident.  So far as appears by the record, that point was not raised before the single member or the board, and no specific finding was made.  We assume that the employer is correct in contending that the award was predicated upon the ground that there was a causal relation between the second accident and the incapacity of the employee since he quit his employment on October 11, 1945.  We cannot say that the evidence was insufficient to show such a relationship, and the decision of the board must stand where, as here, the evidence is sufficient to support it. *Sawyer's Case,* 315 Mass. 75.  *Griffin's Case,* 318 Mass. 282.  *Gianfriddo's Case,* 319 Mass. 566.  The employee had sustained two injuries of a compensable nature, and the insurer on the risk at the time of the second injury must be held liable to pay compensation for an incapacity following that injury where there is a causal connection between that injury and the incapacity although the earlier injury may have been a contributing cause or even the major contributing cause. *Evans's Case,* 299 Mass. 435.  *Borstel's Case,* 307 Mass. 24.  *Blanco's Case,* 308 Mass. 574.  *Mizrahi's Case,* 320 Mass. 733.

*Decree affirmed.*