LEONARD ROCK'S CASE.

Suffolk.    October 6, 1948. — December 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Workmen's Compensation Act*, What insurer liable; Procedure: filing of claim.  *Proximate Cause.*

Evidence in a workmen's compensation case warranted a finding by the Industrial Accident Board that disability occurring in 1946, when the employee suffered a back strain in lifting, was the result of an injury of the same nature which he had sustained in 1943 while working for a different employer, and not of the 1946 injury; and the proper decree was that compensation should be paid by the insurer of the employer for whom he worked in 1943.

Under G. L. (Ter. Ed.) c. 152, § 49  a claim by an employee under the workmen's compensation act could not be said to be barred by late filing where it appeared that the claim, filed in September, 1946, against the insurer insuring the employer in 1943, was for incapacity following a back injury suffered in May, 1946, which was a mere recurrence of a like injury sustained in 1943, that the 1943 injury was the sole cause of the incapacity in 1946, and that an agreement for payment of compensation for the 1943 injury had been made in 1944 and carried out.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Giles*, J.

*T. F. Riley*, for the insurer.

*E. M. Conley*, for the claimant.

LUMMUS, J.  On April 20, 1943, the employee was working for the New England Wood Heel Company at Amesbury. On that day, when the Lumbermens Mutual Casualty Company was the insurer, the employee received a strain in his back in lifting a heavy iron "transfer," which caused him to be out of work for six weeks, for which the insurer paid him compensation.  He continued to suffer from pains in his back, and was out of work therefrom at various periods in the winter of 1943–1944, in the fall of 1944, in the fall of 1945, and in the early part of 1946.  On May·27,

1946, while working for the Arnold Wood Heel Company, located in the same building as his former employer, he was hurt in the same region while lifting a barrel and was unable to work again until April 29, 1947, and then could work only a part of the time. The insurer for the Arnold Wood Heel Company was the Aetna Casualty and Surety Company.

The law governing a situation like the one before us is well settled. Where "The employee had sustained two injuries of a compensable nature . . . the insurer on the risk at the time of the second injury must be held liable to pay compensation for an incapacity following that injury where there is a causal connection between that injury and the incapacity although the earlier injury may have been a contributing cause or even the major contributing cause." *Morin's Case*, 321 Mass. 310, 312. See also *Mizrahi's Case*, 320 Mass. 733, 736, and cases cited. In the application of this rule it is immaterial whether the employee was working for the same employer at the times of both injuries, as in the cases just cited, or for different employers, as in *Falcione's Case*, 305 Mass. 433, *Blanco's Case*, 308 Mass. 574, and the case at bar.

The single member found that the employee was disabled as a result of the injury which he sustained on April 20, 1943, and not of what happened on May 27, 1946. He found total disability until April 29, 1947, and partial disability thereafter, for which he is entitled to be compensated by the insurer Lumbermens Mutual Casualty Company. The reviewing board affirmed and adopted his findings and decision, and the Superior Court entered a decree accordingly, from which the Lumbermens Mutual Casualty Company appealed.

The question to be determined is whether the board was required to find that the incident of May 27, 1946, was even to the slightest extent a contributing cause of the subsequent disability. If it was, the decree was erroneous. There was evidence that the employee continually complained of his back ever since the injury of April 20, 1943. He often stopped work for weeks because of that injury.

On the evidence it could have been found that the employee had not recovered from the injury of April 20, 1943, that the lifting that he did on May 27, 1946, did not constitute an independent intervening cause for his subsequent incapacity, but that he would not have sustained any incapacity to labor on and after May 27, 1946, if he had not then been suffering from the effects of the injury he received on April 20, 1943. *Falcione's Case,* 305 Mass. 433, 437. *Sylvia's Case,* 313 Mass. 313. There was no error in the conclusion that the Lumbermens Mutual Casualty Company is liable to make compensation.

General Laws (Ter. Ed.) c. 152, § 41, providing for claims for compensation within six months after the injury, or even earlier, is qualified in § 49 as follows: "Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay. In no case shall failure to make a claim bar proceedings if the insurer has executed an agreement in regard to compensation with the employee or made any payment for compensation under this chapter." A claim was made against the Lumbermens Mutual Casualty Company on September 30, 1946, for an injury dated May 29, 1946. The finding is that that injury was a mere recurrence of the injury of April 20, 1943, as to which an agreement for the payment of compensation had been made on January 24, 1944, and payments had actually been made. Moreover, it is found that the employer had notice of the employee's condition on the occasions of the several recurrences of his condition. The claim does not fail for want of notice, under these circumstances.

We perceive no error in the amount of the award of compensation contained in the decree. G. L. (Ter. Ed.) c. 152, § 34, as appearing in St. 1941, c. 624; § 35. The clerical error in the decree is corrected by making the date of the beginning of partial incapacity read April 29, 1947, instead of May 27, 1946, and as so modified the decree is

*Affirmed.*