LETTY TASSONE'S CASE.

Berkshire.    September 15, 1953. — December 2, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Workmen's Compensation Act*, What insurer liable; Procedure: notice, filing of claim.

On findings in a workmen's compensation case that, after disabling dermatitis suffered by the employee from contact with certain materials in her work of cementing innersoles at a shoe factory had cleared up, she began like work for another employer in which contact with similar materials was "the immediate cause of" a further outbreak of the dermatitis soon occurring, the insurer of the second employer was liable to pay the compensation for disability occasioned by such further outbreak. [547]

A conclusion was warranted in a workmen's compensation case that the insurer was not prejudiced by want of notice of injury or late filing of the claim for compensation where it could be found that the employee was disabled by dermatitis resulting from the use of cement in the making of shoes, that she promptly "sought and obtained adequate medical care," and that dermatitis was very common in the shoe industry and the danger of it from the use of cement easily ascertainable. [548–549]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Fairhurst*, J.

*John N. Alberti*, (*W. Stanley Cooke* with him,) for London Guarantee & Accident Co., Ltd.

*Bernard Lenhoff,* (*Joseph G. Kronick* with him,) for the claimant.

*Philander S. Ratzkoff,* for The Employers' Liability Assurance Corporation, Limited, submitted a brief.

LUMMUS, J. The employee, for fourteen or fifteen years, worked cementing innersoles for the Gale Shoe Manufacturing Company, and in September, 1948, suffered disability consisting of dermatitis on her hands and arms as a result of contact with cement. That was a compensable injury. *Perrotta's Case,* 318 Mass. 737, 738. *Tartas's Case,* 328 Mass. 585, 586. The Employers' Liability Assurance Corporation, Limited, was the insurer of Gale Shoe Manufacturing Company under the workmen's compensation act, and paid compensation until December 31, 1948.

On January 10, 1949, when her dermatitis had cleared up, she went to work for Wall-Streeter Shoe Company, doing the same work, and worked there until February 9, 1949. The dermatitis broke out again a week after she started work for Wall-Streeter Shoe Company. There was medical evidence that coming in contact at Wall-Streeter Shoe Company with cement reactivated the dermatitis, which the employee originally contracted at Gale Shoe Manufacturing Company. The London Guarantee & Accident Co. Ltd. was the insurer of Wall-Streeter Shoe Company under the workmen's compensation act.

The single member found that the employee's "hands had cleared when she went to work for Wall-Streeter Shoe Company in January of 1949 and her dermatitis condition became reactivated after working there a week," and that "the immediate cause of the outbreak in January was her coming in contact at that assured with the same or similar materials she had previously contacted." The insurer for Wall-Streeter Shoe Company was ordered to pay compensation. The reviewing board adopted those findings, and the Superior Court entered a final decree accordingly, awarding compensation against the insurer for Wall-Streeter Shoe Company, and dismissing the claim against the insurer for Gale Shoe Manufacturing Company. Both the

employee and the insurer for Wall-Streeter Shoe Company appealed.

Undoubtedly the earlier work for Gale Shoe Manufacturing Company was a cause of the most recent disability. But only one of several successive insurers can be held liable for the same disability. *Donahue's Case,* 290 Mass. 239, 241. *Mizrahi's Case,* 320 Mass. 733, 736. The rule is well settled that where there are several successive insurers, chargeability for the whole compensation rests upon the one covering the risk at the time of the most recent injury that bears a causal relation to the disability. *Evans's Case,* 299 Mass. 435, 437. *Falcione's Case,* 305 Mass. 433, 435. *Borstel's Case,* 307 Mass. 24, 25. *Blanco's Case,* 308 Mass. 574, 577–578. *Sylvia's Case,* 313 Mass. 313, 314. *Morin's Case,* 321 Mass. 310, 312. *Rock's Case,* 323 Mass. 428, 429. *Lambert's Case,* 325 Mass. 516, 518.

A medical expert who examined the employee testified that after the dermatitis had once cleared up and the employee went to work for Wall-Streeter Shoe Company, the recurrence of the dermatitis had its immediate cause in what she came in contact with at the factory of that company. We are of opinion that there was no error in the decision that London Guarantee & Accident Co. Ltd., the insurer of that company, is the insurer liable to pay compensation.

General Laws (Ter. Ed.) c. 152, § 41, provides that "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury has been made within six months after its occurrence," with certain immaterial exceptions. By § 44 "Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice." By § 49 "Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was oc-

casioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay."

It appeared that no notice of injury was ever given to Wall-Streeter Shoe Company or its insurer, and that the claim for compensation was not filed until the spring of 1952, much more than six months after the time of the injury relied on. There was no evidence that that company or its insurer had knowledge of the injury. There was no evidence of any mistake or other reasonable cause for delay. Therefore the right of the employee depends upon proof of lack of prejudice on the part of the insurer by reason of the failure to give notice and to make claim seasonably. *Kangas's Case*, 282 Mass. 155, 158. *Anderson's Case*, 288 Mass. 96, 101. *Coakley's Case*, 289 Mass. 312, 313. *Hatch's Case*, 290 Mass. 259, 261. *Rich's Case*, 301 Mass. 545, 548. *Berthiaume's Case*, 328 Mass. 186, 190. The usual forms of prejudice are the inability of the insurer to procure evidence at a time remote from the injury, and the failure of the employee to be treated medically promptly after the injury. *Kangas's Case*, 282 Mass. 155, 159. *Anderson's Case*, 288 Mass. 96, 101. *Meagher's Case*, 293 Mass. 304, 308–309.

In the present case, the single member found, on adequate evidence, and his finding was adopted by the reviewing board, that the insurer was not prejudiced by the want of notice "since the employee sought and obtained adequate medical care within a short time of ceasing work." The burden of proof on the issue of want of prejudice was on the employee. *Booth's Case*, 289 Mass. 322, 325. *Zabec's Case*, 302 Mass. 465, 468. *Wheaton's Case*, 310 Mass. 504, 506. *Watson's Case*, 322 Mass. 581, 584. There was ample evidence to support the conclusion that there was no prejudice to the insurer from delay in obtaining medical treatment. As to prejudice in investigating the claim, the injury resulted from the use of cement in the making of shoes. It could be found that Wall-Streeter Shoe Company and its insurer knew, or easily could ascertain, the danger of dermatitis in the use of cement. The very employment of the employee exposed her to that danger. The case did not

call for the investigation of an isolated incident to determine whether the injury occurred out of and in the course of the employment. There was evidence that dermatitis is very common in the shoe industry. By inference from the circumstances stated it could have been found that the insurer was not prejudiced. And the finding and order of the board, awarding compensation, must have been made on the basis that there was no prejudice of any kind. See *Berthiaume's Case,* 328 Mass. 186.

*Decree affirmed.*