THOMAS L. FITZPATRICK'S CASE.

Suffolk.    March 3, 1954. — April 2, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, What insurer liable.

Upon findings in a workmen's compensation case that the employee while at work suffered a back strain resulting in physical difficulties over a period of nearly five years until there occurred during his work another "incident" involving his back which "increased and aggravated the prior existing condition . . . to such an extent" as totally to incapacitate him, the compensation must be paid by the insurer covering the risk at the time of the later "incident," although the earlier injury also had a causal relation to the incapacity.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Dowd*, J.

*Daniel A. Canning*, for London Guarantee & Accident Co., Ltd.

*Lawrence J. Sullivan*, for the claimant.

*Walter I. Badger, Jr.*, (*Philip L. Berkeley* with him,) for The Travelers Insurance Company.

RONAN, J.    This is a workmen's compensation case. The employee was incapacitated by an injury that arose out of and in the course of his employment, and no question is raised that he is entitled to compensation. The issue presented is whether the London Guarantee & Accident Co., Ltd., the insurer on the risk on May 12, 1948, when as the result of an injury, the employee became partially disabled, or The Travelers Insurance Company, the insurer on the risk on January 30, 1953, when the employee sustained another injury which was immediately followed by total disability, is liable to pay compensation.

The employee was engaged in the warehouse of a chain

store in filling orders for goods for shipment.  He used a four wheel truck pulling it to different parts of the warehouse, placing upon the truck the various items, and, when he had loaded upon the truck all the goods required by the order, hauling the truck to the shipping door.  While he was pulling a truck on May 12, 1948, containing a load of about 1,000 pounds, he experienced a pain in his back, and shortly thereafter a sharp pain in his left groin, and his left leg locked so that he could not walk.  The employee thereafter performed his regular duties although he continued to experience locking of his left leg and pain in his back, left side, and left groin.  It was necessary for him to wear a strap or belt.  He was compelled to leave his work on September 6, 1951, and confined to a hospital from September 11, 1951, to September 18, 1951.  After his discharge from the hospital he continued to suffer from the specific difficulties just mentioned but, despite his physical condition, he performed his regular work, taking time off on several occasions when he found it necessary to do so.  On January 30, 1953, while lifting a box of lettuce weighing about 30 pounds, he felt a snap in his back, his left leg locked, and he suffered a severe pain in his back.  He was forced to quit his employment and has since been unable to perform any work.

The single member found that the employee sustained a low back strain on May 12, 1948, and that, "as a result of said injury, he continued to experience pain and discomfort which caused him to lose time from work; and that this condition persisted until the incident of January 30, 1953, which increased and aggravated the prior existing condition and pain to such an extent that the employee was no longer able to continue with his work; that since January 30, 1953, the employee has been and still is totally incapacitated for work; and that said incapacity is causally related to the injury sustained on May 12, 1948."  This finding was adopted by the board and the London Guarantee & Accident Co., Ltd., which was on the risk in May, 1948, was ordered to pay compensation.  This company appealed

from a decree awarding compensation in accordance with the decision of the board.

Only one insurer is chargeable for the payment of compensation for the same disability. *Donahue's Case,* 290 Mass. 239, 241. *Mizrahi's Case,* 320 Mass. 733, 736. Where an employee has suffered two compensable injuries, the insurer covering the risk at the time of the more recent injury bearing a causal relation to the disability must pay the entire compensation. This is so even if the incapacity would have been less if he had not suffered the previous injury or, as has been recently stated, if the last injury "was even to the slightest extent a contributing cause of the subsequent disability," *Rock's Case,* 323 Mass. 428, 429, or "although the earlier injury may have been a contributing cause or even the major contributing cause," *Morin's Case,* 321 Mass. 310, 312, or where "Undoubtedly the earlier work for . . . [the former employer] was a cause of the most recent disability." *Tassone's Case,* 330 Mass. 545, 547, and cases cited. *Peters's Case, ante,* 188.

The ultimate categorical finding of the single member which was adopted by the reviewing board was to the effect that "the incident" of January 30, 1953, aggravated the then existing condition of the employee to such an extent as to totally incapacitate him from working ever since. Such a finding required the payment of compensation by The Travelers Insurance Company which covered the risk at that time.

The case should be further heard by the Industrial Accident Board to fix the amount of compensation that should be awarded the employee in accordance with the law in effect on January 30, 1953, and for the purpose of making a decision ordering the payment of compensation by The Travelers Insurance Company. The decree must be reversed and the case remanded to the Superior Court for further proceedings consistent with this opinion. Costs of this appeal shall be allowed to the employee by the single justice. *Peters's Case, ante,* 188, 190.

*So ordered.*