ROBERT FRANKLIN'S CASE.

Hampden.    September 22, 1955. — November 9, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, What insurer liable.

There was no error in a workmen's compensation case in a finding that the employee sustained an injury arising out of and in the course of his employment on a day when he suffered a back strain through working "in a bent over and crouched position" as a plumber's helper, and compensation for incapacity then ensuing as a result of such injury was properly awarded against the insurer covering the risk on that day rather than against another insurer covering the risk at a time nearly four years before when the employee sustained a back injury while lifting a heavy object.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

Among the findings of the single member, affirmed and adopted by the reviewing board, were the following: "I find that this employee sustained an injury arising out of and in the course of his employment on April 24, 1950; and that as a result of said injury the employee was not caused to suffer any compensable loss of time from his work. I further find that this employee suffered an injury in January, 1954, while shoveling snow; that he suffered a further injury in January, 1954, while using a power saw; that both said injuries resulted from the work in which the employee was engaged on each of these two occasions; and that the

employee was not caused to lose any compensable time from his work in consequence of either of these two injuries. I still further find that on January 26, 1954, as a result of his work helping a plumber, this employee suffered an injury arising out of and in the course of his employment; that as a result of said injury this employee was totally incapacitated for work from January 27, 1954, to April 28, 1954."

The case was heard by *O'Brien, J.*

*Charles V. Ryan,* for Yorkshire Indemnity Company.

*Robert F. Scannell,* for Lumbermens Mutual Casualty Company.

*Henry A. Moran, Jr.,* for the claimant.

RONAN, J. The employee of a landscape company, while lifting a heavy shrub onto a truck on April 24, 1950, sustained a back injury and was immediately taken by the employer's foreman to see a physician, who strapped his back and advised him to take off the strapping in a couple of days, which the employee did. The employee saw no other physician and returned to work the next day. In the summer of 1953 his back began to bother him again. In January, 1954, he did some snow shoveling and used a power saw. The employer on January 26, 1954, hired a plumber to do some work about a sink and requested the employee to help the plumber. The employee spent the day acting as the plumber's helper, and most of the time was spent in working "in a bent over and crouched position." He was bent down under the sink all day and his back was aching "like anything." He was then disabled from working until April 28, 1954. It is for this period that compensation is sought.

A back strain connected with employment and resulting in incapacity is a compensable injury. *Jarvis's Case,* 274 Mass. 305. The strain need not result from unusual force or exertion. Stooping down or bending over in the performance of work which results in disabling one from continuing with his duties is sufficient basis for a decree for the payment of compensation. *Brzozowski's Case,* 328 Mass. 113. *McManus's Case,* 328 Mass. 171.

It is hardly disputed that the employee is entitled to compensation, but the question is whether the insurer on the risk in 1950 or the one on the risk in 1954 is the one which should pay compensation. Only one insurer is chargeable for the same disability. *Donahue's Case*, 290 Mass. 239, 241. *Mizrahi's Case*, 320 Mass. 733, 736. Here there was evidence from a physician that he did not regard the happening of April 24, 1950, as significant, and that he would not go so far as to say that the incident of January 26, 1954, was related to anything that took place on April 24, 1950. The board was not in error in finding that the employee sustained an injury on January 26, 1954, while helping the plumber, and that he was thereafter immediately disabled until April 28, 1954. The board followed the usual rule "that where there are successive insurers, chargeability for the whole compensation rests upon the one covering the risk at the time of the most recent injury that bears a causal relation to the disability." *Tassone's Case*, 330 Mass. 545, 547. *Morin's Case*, 321 Mass. 310, 312. *Rock's Case*, 323 Mass. 428, 429. *Peters's Case*, 331 Mass. 188. *Fitzpatrick's Case*, 331 Mass. 298, 300.

The objection to the dependency payment of $2.50 a week to the employee's mother is argued neither orally nor in the brief and we consider it waived. *Boston* v. *Dolan*, 298 Mass. 346, 355. Reasonable costs of attorney's fees, briefs and other necessary expenses for the appeal which was taken only by one of the insurers are to be allowed by a single justice to the employee under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended.

*Decree affirmed.*