JOSEPH COSTA'S CASE.

Bristol.    October 31, 1955. — December 1, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, What insurer liable, Dependency.

Evidence in a workmen's compensation case respecting an employee
  whose work consisted of loading and unloading trucks and who, after
  suffering a back strain while at his work, continued to work most of
  the time for some six years, although having continual trouble with his
  back, until finally its condition became so bad as to incapacitate him,
  warranted a finding by the Industrial Accident Board that such in-
  capacity was due solely to the original back strain; and on that
  finding his compensation was chargeable to the insurer on the risk at
  the time of the original back strain rather than to other insurers on
  the risk during such six years.   [288]
A child born to an employee after he was injured while at work, although
  before he became incapacitated through the injury, could not be
  counted as a dependent of the employee in calculating the additional
  dependency compensation provided by § 35A, as appearing in St. 1946,
  c. 533, of the workmen's compensation act, G. L. (Ter. Ed.) c. 152.
  [289–290]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

The case was heard by *Rome*, J.

*William J. Fenton*, for Continental Casualty Company.

*Walter I. Badger, Jr.*, for Travelers Insurance Company.

*Dana J. Kelly*, for Massachusetts Bonding and Insurance
Company.

*Harold K. Hudner*, for the claimant.

SPALDING, J.   The principal question is that of liability
among successive insurers.   The employee made a claim
for compensation against three insurers, the Continental
Casualty Company, the Travelers Insurance Company, and
the Massachusetts Bonding and Insurance Company, al-
leging that he suffered an injury on December 18, 1947,

July 29, 1949, May 7, 1953, and January 28, 1954. On December 18, 1947, and July 29, 1949, the Continental Casualty Company, on May 7, 1953, the Travelers Insurance Company, and on January 28, 1954, the Massachusetts Bonding and Insurance Company were the respective insurers. Throughout this period the employee worked for the Keogh Storage Company and his work consisted of loading and unloading trucks and driving them. On December 18, 1947, while unloading a truck, he suffered a lumbosacral back strain. This is not disputed; nor is any contention made that this injury did not arise out of or in the course of his employment.

The single member found these facts. On the day following the injury of December 18 the employee was treated by one Dr. Walsh who prescribed a belt and the employee wore it. Although complaining to his employer about his condition from time to time the employee continued to work until April, 1953, when, because of his back condition, he was unable to work for a period of three weeks. During this period he was treated by a physician. Thereafter, despite continual back pain, he resumed his work and continued to be treated by a physician. On January 28, 1954, his back pain became so severe that he was compelled to cease work and since that time he has been under the care of one Dr. Solas. "Adopting the opinion of . . . [Dr. Solas], I find further that this employee has a condition known as spondylolisthesis; that the incident of December 18, 1947, aggravated a preëxisting condition of his back; and that he has been totally incapacitated for work since January 28, 1954, as result of the back injury of December 18, 1947." Compensation for total incapacity together with dependency compensation of $10 a week for four dependents from January 28, 1954, was awarded to the employee, to be paid by the Continental Casualty Company.[1]

The findings and decision of the single member were

---

[1] The single member also found that the insurers were not prejudiced by reason of any delay in the filing of the claim and notice. See G. L. (Ter. Ed.) c. 152, §§ 41, 44, 49. But this finding is not challenged.

adopted and approved by the reviewing board except as to dependency compensation. Finding that the employee had five dependents, the board ruled that the dependency compensation should be $12.50 instead of the $10 awarded by the single member. The Superior Court entered a decree accordingly, and the Continental Casualty Company appealed.

The governing principles of law in cases of this sort are well established. Only one insurer can be charged for the same disability, and where there are several successive insurers, chargeability for the whole compensation rests upon the one covering the risk at the time of the most recent injury that bears a causal relation to the disability. *Donahue's Case*, 290 Mass. 239, 241. *Tassone's Case*, 330 Mass. 545, 547, and cases cited. *Peters's Case*, 331 Mass. 188. *Fitzpatrick's Case*, 331 Mass. 298. It is the position of the Continental Casualty Company, hereinafter called Continental, that the board erred in finding that the employee's incapacity was causally related solely to the injury of December 18, 1947. It argues that the employee by continuing to work and lift freight after that date sustained a series of traumas and that each trauma constituted a personal injury which contributed to his ultimate total incapacity to work on January 28, 1954. Hence, Continental contends, it is not chargeable, for it was not the insurer covering the risk at the time of the most recent injury bearing a causal relation to the disability. But that issue was essentially a question of fact and the finding of the board must stand unless a different finding is required as matter of law. *Bajdek's Case*, 321 Mass. 325, 326.

From an examination of the evidence we cannot say that the findings of the board were unwarranted. There was evidence that except for a period of three weeks in April, 1953, the employee worked almost continuously down to January 28, 1954; that during much of this period he had constant backaches which became progressively worse; and that on the day he ceased working his back was "bothering him very badly," and he was obliged to go home. Dr. Solas,

who treated the employee shortly after he quit work, testified that in his opinion the employee's disability was directly attributable to the back injury sustained in December, 1947. There was, to be sure, testimony by Dr. Solas which tended to qualify this opinion somewhat, and there was medical testimony introduced by Continental that the employee's condition was not related to the 1947 injury. But the weight and credibility of the evidence were for the board to determine. There was no evidence that the employee sustained a specific injury subsequent to December 18, 1947. The evidence here presents a stronger case for holding the first insurer than it did in *Rock's Case*, 323 Mass. 428.

Continental challenges the decree below with respect to the award of dependency compensation. As stated above, the reviewing board revised the decision of the single member by providing for dependency compensation for five dependents instead of four, and the decree adopted this revision. We are of opinion that this was error. It was agreed that the employee has a wife and four children. Three of the children were born prior to December 18, 1947, the date of injury found by the board. The fourth child was born on May 16, 1949. If the fourth child may be treated as a dependent then it was proper to make a dependency award for five, the wife and four children.

General Laws (Ter. Ed.) c. 152, § 35A, as appearing in St. 1946, c. 533,[1] provides, so far as material, as follows: "Where the injured employee has persons conclusively presumed to be dependent upon him or in fact so dependent, the sum of two dollars and fifty cents shall be added to the weekly compensation payable under sections thirty-four, thirty-four A and thirty-five, for each person wholly dependent on the employee . . . . For the purposes of this section the following persons shall be conclusively presumed to be wholly dependent for support upon an employee: — (a) A wife upon a husband with whom she lives *at the time of his*

---

[1] See now St. 1950, c. 282, § 1.

*injury* .... (c) Children under the age of eighteen years if living with the employee *at the time of his injury* .... In all other cases questions of dependency shall be determined in accordance with the fact as the fact may be *at the time of the injury*" (emphasis supplied). Section 1 (3) defines "Dependents" as "members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support *at the time of the injury*" (emphasis supplied). These provisions make it plain that dependents for the purpose of dependency compensation must be ascertained as of the time of the injury and at no other time. *Bott's Case*, 230 Mass. 152. *Gleason's Case*, 269 Mass. 583. Accordingly the fourth child of the employee, who was not born until nearly a year and one half after the time of the injury, was not a dependent.

The final decree is reversed and a new decree is to be entered fixing the weekly dependency compensation at $10 instead of $12.50. The new decree ought also to make it clear that the personal injury on which compensation is based occurred on December 18, 1947. The present decree is ambiguous in this respect.

*So ordered.*