MITCHELL A. SZETTELLA'S CASE.

Suffolk. November 10, 1955. — December 7, 1955.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Workmen's Compensation Act*, Recommittal to Industrial Accident Board, Findings by Industrial Accident Board.

In a workmen's compensation case in which the question before the Industrial Accident Board was whether an insurance company covering the risk at the time the employee suffered a back injury while at work was chargeable for compensation for disability occurring seven

years later, or whether his employer, as a self insurer at the time of a later "incident" some two months before such disability, when something happened to the employee's back as he tried to lift a heavy object while at work, was chargeable for the compensation, there was no error in an interlocutory decree of the Superior Court recommitting the case to the board for further findings where the board found that the earlier injury was a cause of the disability and that the insurance company was liable for the compensation but its decision left it doubtful whether or how it decided the issue of causal connection between the later "incident" and the disability and whether the board understood or correctly applied the rule for determining liability for compensation as between the insurance company and the self insurer. [338–339]

Where a decree of recommittal in a workmen's compensation case merely directed the board to make findings on certain specified issues of fact and the board made findings thereon requiring a decision contrary to its original decision, there was no error in its also making the decision so required or in the entry of a final decree in accordance therewith without further recommittal. [339]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act against the Liberty Mutual Insurance Company.

After hearing, an interlocutory decree was entered by order of *O'Connell*, J., recommitting the case to the board. Following further findings and a decision by the board awarding compensation against Pacific Mills, self insurer, a final decree in accordance therewith was entered by order of *Paquet*, J.

*Kevin Hern*, (*James W. Noonan & Bernard C. Welch* with him,) for the self insurer.

*Merritt J. Aldrich*, (*Walter W. Baldwin* with him,) for Liberty Mutual Insurance Company.

*Frederick J. Finnegan*, for the claimant.

WHITTEMORE, J. The employee sustained an injury to his back in 1944 while working for Pacific Mills. Liberty Mutual Insurance Company was the 1944 insurer. The employee in August, 1951, at which time Pacific Mills was a self insurer, complained that something happened to his back on August 14, 1951, when he tried to lift a heavy object. He was operated upon for a ruptured disc in October, 1951. The single board member stated "Questions" as

follows: "Liberty Mutual Insurance Company denies any disability the employee may have experienced since 1951 and up to date is related to the injury he sustained in August of 1944; the self insurer contends there was no injury or accident since August of 1944 which in any way contributed to the present disability." In the course of his decision he said, "The question before me is whether the condition which necessitated the operation and the disability for work is causally related to the injury of August 4, 1944, or to the injury of August 14, 1951. . . . Dr. Kurth . . . was of the opinion that the injury of August 4, 1944, was the causative factor. . . . Having in mind . . . [several stated factors and] that his injury of 1951 did not disable him before September 15, 1951, and for some time thereafter, the opinion of Dr. Kurth is more persuasive than is the opinion of the other two doctors and I adopt Dr. Kurth's opinion. . . . I find that as a result of the injury the employee sustained on August 4, 1944, it was necessary to operate upon him for a ruptured disc and to fuse his back. . . . " He found that the insurer Liberty Mutual Insurance Company should pay compensation.

The reviewing board affirmed and adopted the findings and decision of the single member.

A decree of the Superior Court recommitted the case in order that specific findings might be made as follows: — "1. Did the employee sustain any injuries on August 14, 1951? 2. If it is found the employee did sustain an injury or injuries on August 14, 1951, the full extent thereof. 3. Instead of a statement in the following words: — 'the opinion of Dr. Kurth is more persuasive than is the opinion of the other two doctors and I adopt Dr. Kurth's opinion,' it be determined by a definite finding whether or not on all the evidence it was established there was a causative relationship between the claimed injuries of August 14, 1951, and the disability alleged to flow therefrom forming the basis of the employee's claim."

The reviewing board then heard further arguments and

thereafter reversed the original decision and dismissed the claim against Liberty Mutual Insurance Company. It found that "the employee received a personal injury . . . on August 16, 1951 [corrected by stipulation to August 14, 1951] . . . and as a result the employee has been totally incapacitated for work since October 16, 1951 . . . ." A decree against Pacific Mills, the self insurer in 1951, was entered in due course in the Superior Court.

This is the appeal of the self insurer from the decree.

We find no error.

While the exercise of the Superior Court's discretion to recommit will not ordinarily be reviewed, *Bean's Case,* 227 Mass. 558, *Lopes's Case,* 277 Mass. 581, 586, the Superior Court may not order the reviewing board to reconsider its decisions on questions of fact open to it on the evidence as a matter of law. *Sciola's Case,* 236 Mass. 407, 414–415.

Here, however, it did not appear just what the decision was on a critical question of fact.

The question here concerns the application of the rule that if more than one injury bears a causal relation to the disability and there are successive insurers, chargeability for the whole compensation rests upon the one covering the risk at the time of the most recent injury. *Tassone's Case,* 330 Mass. 545. *Fitzpatrick's Case,* 331 Mass. 298.

The report of the single member in its statement of the evidence shows that Dr. Kurth testified among other things that he "did not believe the incident described in August [1951] had any relation to . . . [the employee's] back" and that it "had no effect on that disc or the disability which followed." The self insurer argues that in adopting Dr. Kurth's opinion the single member intended to say that he adopted the full scope of Dr. Kurth's views and that it is clear that the findings of the single member and the reviewing board were in effect that if there was an injury on August 14, 1951, it did not contribute to the disability for which claim is made and that the recommittal in substance required the board to reconsider this finding. The difficulty with this is the statement that the employee's

"injury of 1951 did not disable him before September 15, 1951, and for some time thereafter . . . ." It is apparent that the only disability which came some time after September 15, 1951, so far as the voluminous evidence in this record was concerned, was the disability for which he was operated upon in October. The last quoted statement renders the report, at best for the self insurer, ambiguous and justified recommittal. It is very close to a finding that the August, 1951, "incident" (referred to as an injury at least four times by the single member) contributed to the disability for which compensation was sought. It raised a doubt, to which the second way the basic issue was stated by the single member perhaps contributed, of whether the fundamental rule was understood that, given causal relationship however slight, the last insurer is chargeable. *Evans's Case*, 299 Mass. 435. *Blanco's Case*, 308 Mass. 574. In any event whether the rule had been correctly applied was rendered uncertain.

The board on recommittal found that there was a causal relationship between the August 14 injury and the subject disability. It was not necessary for the board in these circumstances to confine its action to answering the three questions stated by the court and then await a further certain recommittal to correct its ultimate finding. *Dillon's Case*, 324 Mass. 102, 110–111.

Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*Decree affirmed.*