JAMES J. McCONOLOUGE'S CASE.

Suffolk.    October 9, 1957. — November 13, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act,* What insurer liable.  *Proximate Cause.*

Where it was found by the Industrial Accident Board in a workmen's compensation case that upon recovery of the employee from a totally incapacitating back injury sufficiently to do light work he went to work for a new employer and immediately suffered a further back injury while carrying a heavy object up a ladder and again became totally incapacitated, and that there was a causal connection between such further injury and the incapacity following it, the compensation for the later incapacity was chargeable to the insurer of the second employer even if the employee disregarded medical advice in doing heavy work and there was also a causal connection between the earlier injury and the later incapacity.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

American Mutual Liability Insurance Company appealed from a decree by *Warner, J.,* in accordance with the board's decision.

In this court the case was submitted on briefs.

*Orie D. Ouellette,* for American Mutual Liability Insurance Company.

*Thomas A. L'Esperance, Jr.,* for Liberty Mutual Insurance Company.

CUTTER, J. McConolouge, the employee, fell fifteen feet from a ladder and suffered injury to his back on February 8, 1955, while working for an employer insured by Liberty Mutual Insurance Company (hereinafter called Liberty). The employee was paid total incapacity compensation by Liberty until October 25, 1955. An orthopedic surgeon who examined him on September 27, 1955, found that he was then "disabled for his usual occupation [ironworker], but . . . [could] do some light work."

On October 24, 1955, at 8 A.M. the employee went to work for a second employer, insured by American Mutual Liability Insurance Company (hereinafter called American). At 9:45 A.M. the employee took an eighty pound tank up a ladder and at the top of the ladder suffered a pain in his back and has not "done any work of any nature since October 24, 1955." There was testimony from one physician that "the immediate precipitating cause for the disability which began on October 24 . . . and the cause of . . . disability from then on was the accident that occurred . . . that morning." There was conflicting testimony from another doctor who thought the disability was "all due to" the earlier injury in February, 1955, although this doctor conceded that the total disability found by him on October 24 "was precipitated" by the incident on that date.

Pending determination of liability as between the two insurers under G. L. (Ter. Ed.) c. 152, § 15A,[1] Liberty has paid, from October 24, 1955, the compensation to which the employee is entitled. The case was presented to a single member of the Industrial Accident Board for determination whether the incapacity after October 24, 1955, was by reason of the earlier injury. The single member found that the employee "was never completely free of

---

[1] As amended by St. 1934, c. 252, and St. 1955, c. 174, § 5.

back pain after" February 8, 1955, but that by late September he had improved to such degree as to have capacity for light work; that "[w]hile this employee had residual of the February . . . injury when he reported for work on October 24 . . . the immediate precipitating cause of the total disability found on October 24 . . . and thereafter was the incident" of that day; and that the "incapacity was causally related to the injury of October 24 rather than to the February 8 . . . incident." He accordingly directed American to reimburse Liberty for compensation paid by it to the employee since October 24, 1955, and to commence payments of the compensation currently payable to the employee. The reviewing board affirmed and adopted the findings and decision of the single member. Upon certification to the Superior Court a decree was entered in effect embodying the orders of the board.

Where there are successive injuries to an employee, the whole burden of compensation for the subsequent incapacity rests upon the one covering the risk at the time of the most recent injury that bears a causal relation to the disability. *Evans's Case,* 299 Mass. 435, 437. *Franklin's Case,* 333 Mass. 236, 238, and cases cited. *Costa's Case,* 333 Mass. 286, 288, and cases cited. See *Szettella's Case,* 333 Mass. 335, 339; *Dillon's Case,* 335 Mass. 285, 288. The issue is one of fact. The board's finding must stand unless it lacks evidential support or is affected by errors of law. *McMurray's Case,* 331 Mass. 29, 32. *Brek's Case,* 335 Mass. 144, 147. See *Costa's Case,* 333 Mass. 286, 288.

American, the second insurer, argues in effect (1) that the employee was already totally disabled (and receiving compensation accordingly) when he went to work on October 24, 1955, and that, after less than two hours of work, he could not be "more than totally disabled" by a new injury; and (2) that the employee's voluntary act, after some urging from Liberty that he "should try employment again" (perhaps, although the record is not clear on this, disobeying medical advice to do only light work), resulted in a new injury for which American should not be held. However,

there was sufficient medical testimony to warrant the board's finding that, on October 24 when there had been enough improvement following the February injury to permit him to do light work, a new injury occurred which had causal connection with, and precipitated, the disability which existed on and after the October injury. In view of this, the usual rule (that the insurer at the time of the later injury is liable, see *Tassone's Case*, 330 Mass. 545, 547) must be applied notwithstanding the facts (a) that the employee, in undertaking heavy work, may have foolishly disregarded medical advice and (b) that the new injury may not have cut completely all causal connection between the February injury and the post-October disability. See discussion in *Panagotopulos's Case*, 276 Mass. 600, 607–608; *Lambert's Case*, 325 Mass. 516, 519.

*Decree affirmed.*