JOSEPH P. SACCO & another *vs.* EDWARD F. AIELLO & another. May 3, 1962. Decree affirmed with costs of appeal. The plaintiffs have appealed from a final decree dismissing their bill in equity for the specific enforcement of an alleged agreement by the defendants to deposit funds in a bank in trust for the minor children of the plaintiffs. The master to whom the case was referred found that the defendants had not made such an agreement. No evidence is reported nor is there anything in the master's report or report on recommittal which would cause us to disturb the finding. *Spencer* v. *Rabidou,* 340 Mass. 91, 92. Certain exceptions (not within G. L. c. 214, § 25) were claimed by the plaintiffs but the record does not disclose that a bill of exceptions was filed or allowed. *National Radiator Corp.* v. *Parad,* 297 Mass. 314, 317.

*Richard D. Gilman* for the plaintiffs.

*S. Roy Remar* (*Max Singer* with him) for the defendants.

PAULINE T. SEARS *vs.* PHILIP MASON SEARS, JR. May 31, 1962. Supplementary interlocutory decree affirmed. A final decree is to be entered dismissing the libel. This is a libel for divorce in which a supplemental interlocutory decree was entered sustaining the libellee's answer in abatement to the jurisdiction of the Probate Court for Norfolk County. The libellant appealed and the case is before us on a reservation and report by the probate judge pursuant to G. L. c. 215, § 13. The judge found that the libellant and the libellee were nonresidents of the Commonwealth at the time of the filing of the libel and that the libellant had not established a separate domicil at that time. In compliance with an order of this court the probate judge made a number of subsidiary findings which support his conclusions. An examination of the reported evidence including the exhibits satisfies us that the findings of the judge were not plainly wrong. *Bowditch* v. *Bowditch,* 314 Mass. 410, 416. See *Fulton* v. *Belmont,* 333 Mass. 64, 65. The libellant argues that it was error to exclude certain testimony. That testimony was not vital to the material issue and there was no error in its exclusion.

*Thomas D. Burns* (*William H. Clancy* with him) for the libellant.

*Robert I. Hunneman* (*Robert W. Emmons, Jr.* with him) for the libellee.