RAYMOND E. CASEY'S CASE.

Worcester.   January 6, 1965. — February 26, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Workmen's Compensation Act,* What insurer liable, Personal injury.
   *Proximate Cause.   Evidence,* Opinion: expert.

The questions in a workmen's compensation case, whether the employee,
   after returning to work following an incapacitating injury to his back,
   suffered a second back injury at work and, if so, whether it was causally
   related to then ensuing further incapacity, required expert medical evi-
   dence for their determination [574]; and affirmative findings by the
   Industrial Accident Board on those questions, and a decree ordering
   compensation for the further incapacity to be paid by the insurer cov-
   ering the risk at the time of the alleged second injury, were not justified
   where the only medical evidence before the board was testimony by a
   doctor that he did not believe that the tasks performed by the employee
   after his return to work "significantly aggravated his preëxisting condi-
   tion." [575]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the Workmen's Compen-
sation Act.

The case was heard by *Meagher, J.*

*James J. Collins (John T. Burke* with him) for American
Motorists Insurance Company.

*Joseph F. Sawyer, Jr.,* for Hartford Accident and In-
demnity Company.

*Louis Scerra* for the employee.

SPALDING, J.   The question is which of two insurers shall
pay compensation for the employee's disability.

On October 27, 1961, while working for Gardner Wood
Products Co., which was insured by the Hartford Accident
and Indemnity Company (Hartford), the employee sus-
tained a compensable personal injury to his back in lifting
a bundle of wire.   He underwent surgery for the removal
of a protruding intervertebral disc on January 4, 1962, and

was paid compensation by Hartford for total incapacity for the periods October 30, 1961, to March 17, 1962, and March 22 to May 7, 1962.

The employee returned to work on May 7, 1962, and resumed his regular duties of assembling playpens until June 29, 1962, when he left for a two week vacation. Upon his return to work on July 16, no playpen work was available and he was placed on another job which required him to bend and lift tabletops weighing fifteen to twenty pounds. After a few days he experienced back pain and was obliged to quit work on July 25, 1962. On August 1, 1962, the employee returned to work but after an hour he was taken to a doctor by his foreman. The pain symptoms persisted in the fall of 1962 and worsened to a point where he was hospitalized by Dr. Aaron Simon in March, 1963. "[D]isc matter was removed . . . by Dr. Simon and Dr. Henry St. John Smith, who had collaborated on the earlier surgery." The employee was fitted with a brace which he now wears. He has not returned to work.

The single member, on the basis of the foregoing facts, concluded that the employee suffered a further injury to his back following his return to work on July 16, 1962, "while performing repetitive bending and lifting of heavy objects while recuperating from his original surgery of 1961; that this injury arose out of and in the course of his employment and that as the result of his latter industrial injury the employee was totally incapacitated from August 1 to September 7, 1962, and from January 1, 1963, to date, and continuing." He further found, and it is not disputed, that American Motorists Insurance Company (American) was the insurer at the time of the alleged second injury.[1] American was ordered to pay compensation and the claim against Hartford was dismissed.

---

[1] Actually, both the single member and the reviewing board found that Lumbermens Mutual Casualty Company was the insurer at the time of the injury. But in the Superior Court it was agreed that American was the second insurer, and that any payments awarded in the decree should be paid by American. Accordingly, the decree ran against American.

The findings and decision of the single member were adopted by the reviewing board. A decree in accordance with the board's decision was entered in the Superior Court. American appealed. Although there were other issues before the board, the sole question on this appeal is whether Hartford or American should pay the compensation.

Only one insurer can be charged for the same disability, and where there are several successive insurers, chargeability for the whole compensation rests upon the one covering the risk at the time of the most recent injury that bears a causal relation to the disability. *Evans's Case,* 299 Mass. 435, 437. *Costa's Case,* 333 Mass. 286. *McConolouge's Case,* 336 Mass. 396, 398.

American's position is that the employee has failed to sustain his burden of proving that he sustained an injury at a time when American was the insurer which was causally related to the incapacity for which compensation is sought. The decision of the board on this issue, it is argued, lacked evidential support. This contention must be sustained.

Whether the employee sustained a personal injury by reason of the work done by him after his return to work on July 16, 1962, and whether if he did there was a causal connection between the injury and the ensuing incapacity were not matters that could be determined by the board from its own knowledge; these were matters calling for expert medical testimony. *Sevigny's Case,* 337 Mass. 747, 749, and cases cited.

There are, to be sure, cases in which medical testimony is not essential. In *Lovely's Case,* 336 Mass. 512, it was held that a layman could reasonably infer without expert testimony that a strain caused a hernia. In the case at bar, the causal relationship is much more complicated. It presents problems analogous to those faced by the court in *Crowley's Case,* 287 Mass. 367. There an employee strained himself on three different occasions prior to his operation for a hernia. In order to hold the first of two

successive insurance companies liable, it became necessary to establish that the hernia was caused by the first strain. The court reversed a decree against the first insurer because there was no medical testimony connecting the incapacity with the first injury.

The only medical testimony bearing on these issues came from Dr. Simon, a physician called by the employee. Dr. Simon had treated the employee for his back condition on various occasions and, with Dr. Smith, had performed the March, 1963, operation. In a hypothetical question which recited the facts concerning the nature of the work performed by the employee upon his return to work on July 16, 1962, and his ensuing back pains, Dr. Simon was asked whether the back complaints from which the employee was suffering when seen by the doctor on August 6, 1962, were aggravated by the work described in the question. The doctor answered that he did "not believe that the incident in 1962 when he returned to work and was doing these tasks . . . significantly aggravated his pre-existing condition."

We are of opinion that this evidence — and there was nothing that went beyond this — would not warrant the board's finding that the employee, by reason of the duties performed by him after returning to work on July 16, sustained a personal injury which caused the incapacity for which compensation is now sought. See *Oberlander's Case, ante*, 1, 5.

The decree is reversed and the case is to be recommitted to the Industrial Accident Board for further proceedings consistent with this opinion.

*So ordered.*