GINO A. LEONARDI'S CASE. October 28, 1965. Decree affirmed. The employee's back and neck were injured on October 4, 1961, when Lumbermens Mutual Casualty Company (Lumbermens) was the workmen's compensation insurer. After a period of treatment, the employee returned to light work until January 3, 1962, when he injured his back again and also his spine. Michigan Mutual Liability Insurance Company (Michigan) was then the insurer. The employee continued to do light work until January 31, 1962, when he was discharged for refusing to do heavier work under a truck when there was a substantial amount of water on the floor. It was for the reviewing board to appraise the employee's testimony and the somewhat conflicting medical testimony. The evidence warranted the conclusion that the injury on January 3, 1962, contributed to all the employee's later disability. *Long's Case*, 337 Mass. 517, 520–521. See *McConolouge's Case*, 336 Mass. 396, 398–399. Other contentions mentioned at the arguments have not been sufficiently discussed in the briefs to require our comment. Rule 13 of the Rules for the Regulation of Practice before the Full Court, 345 Mass. 787. Costs and expenses under G. L. c. 152, § 11A (as amended through St. 1957, c. 693, § 3), to be paid by Michigan, shall be allowed by the single justice.

*Timothy H. Donohue* for Michigan Mutual Liability Insurance Company.
*Paul A. Murphy* for Lumbermens Mutual Casualty Company.
*Anthony D. Pompeo* for the employee.

MARY E. FIORENZA *vs.* TOWN OF ARLINGTON & another. October 28, 1965. Exceptions overruled. This is a bill brought in the Land Court to determine the validity and effect of a zoning by-law amendment of the town of Arlington. This amendment would change the zoning from "Residence B" to "Residence C" of about 12,000 square feet of land owned by the defendant, Wilfert. The judge ruled that the amendment was invalid and the defendants excepted. Our review of the record convinces us that this was clearly spot zoning and that the judge's decision was right. *Gricus* v. *Superintendent & Inspector of Bldgs. of Cambridge*, 345 Mass. 687, 690. In view of the foregoing the exclusion of the opinion of the defendant Wilfert as to whether there was a shortage of apartments in Arlington in 1962 did not constitute prejudicial error. The judge's denial of several of the defendant Wilfert's requests for rulings "as being requests for findings of fact or inapplicable to the facts found" likewise was not error.

*Maurice S. Glaser (Norman T. May* with him) for the defendant John M. Wilfert, Jr.; *Joseph A. Purcell*, Town Counsel, for the Town of Arlington, also with him.
*Edward M. Viola* for the plaintiff.