JOHN P. CASEY's CASE.  November 30, 1967.  Casey on October 31, 1963, sustained a back injury when working for Turner Construction Company. He was disabled until April 1, 1964.  He experienced thereafter various instances of back pain as a consequence of physical effort, including one incident in the summer of 1964 when working for another employer.  On that occasion the employee suffered increased back pain after moving a large piece of plywood.  On somewhat conflicting medical testimony, the single member concluded that Casey continues to be disabled, as a result of the injury of October 31, 1963.  In effect, he rejected testimony of an expert called by the insurer that the 1964 incident "was an aggravating cause" of Casey's disability, even though this testimony may have had some support in imprecise language used by Casey's doctor.  The reviewing board adopted the single member's findings. The single member, on the evidence, could reasonably conclude (cf. *McConolouge's Case*, 336 Mass. 396, 398) that the 1964 incident was merely a manifestation of effects of the 1963 injury and not a new, aggravating injury within the purview of *Fitzpatrick's Case*, 331 Mass. 298, 300.  Cf. *Long's Case*, 337 Mass. 517, 520–521.  There is no occasion to consider other questions argued.

> *Decree affirmed.  Costs and expenses of appeal shall be allowed by the single justice.*

*Daniel A. Canning* for the insurer.
*James T. Ronan* for the employee.

MARLENE B. HANLON *vs.* PHILIP J. HANLON.  December 1, 1967.  The husband appealed from a decree of the Probate Court, Worcester County, which decreed that the wife shall have the care and custody of the minor child; that the husband be prohibited from imposing any restraint on the personal liberty of the wife; and that he pay her certain sums weekly for the support of herself and minor child.  The decree also gave the husband certain rights to visit the child.  The evidence is reported.  The husband contends (1) that the wife "was guilty of cruel and abusive treatment, which was the sole cause of . . . [the husband's] marital misconduct"; (2) that the wife was "guilty of recrimination"; and (3) "[t]hat the husband requested the wife to return to him at a time subsequent to the separation, when the cause for the separation no longer existed."  These were all questions involving facts for the probate judge to determine.  Our examination of the transcript reveals that there was a full and complete hearing and that there was sufficient evidence to justify the decree.  We are unable to say that the judge was plainly wrong.  *Bowditch* v. *Bowditch*, 314 Mass. 410, 416. *Fulton* v. *Belmont*, 333 Mass. 64, 65.  *Sears* v. *Sears*, 344 Mass. 755.

> *Decree affirmed.*

*John W. Hanlon* for the respondent.
*Jacob Y. Young* for the petitioner.