ANTOLINO TROMBETTA'S CASE.

Suffolk.    December 18, 1972. — February 8, 1973.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Workmen's Compensation Act,* What insurer liable.  *Proximate Cause.*

Evidence in a workmen's compensation case that the employee sus-
tained a back injury while working for a certain employer and suffered
occasional back pain during his subsequent employment by that
employer and two other employers successively, that shortly after
commencing work lifting bricks and cement blocks for a fourth
employer and until an operation removed a ruptured intervertebral
disc the pain was constant and more severe, coupled with testimony
of an orthopedic surgeon, who saw the employee after the operation,
that the severe increase in pain was medical evidence of increase in
damage to the disc, and that in his opinion, based on the employee's
medical history, the rupture probably took place during his fourth
employment warranted a finding by the Industrial Accident Board
that an injury to the employee took place while he was working for the
fourth employer, even though the ruptured disc did not result from
any particular disabling incident; and upon such finding a decree
ordering total incapacity compensation to be paid by the insurer
covering the risk during the fourth employment was affirmed.
[104-105]

The fact that an employee was laid off on a certain date did not prevent
the Industrial Accident Board from finding, on proper evidence, that
on that date he had reached the end of his capacity for work by reason
of the rupture of an intervertebral disc occurring at least as early as
that date. [105]

Certification to the Superior Court of a decision by the
Industrial Accident Board under the Workmen's Com-
pensation Act.

The case was heard by *Sgarzi,* J.

*Edwin F. Hannon, Jr.,* for Hartford Accident and In-
demnity Company.

*James J. Collins (John T. Burke* with him) for Lumber-
mens Mutual Casualty Company.

*Maurice F. Shaughnessy (Philander S. Ratzkoff* with him) for the employee.

ARMSTRONG, J.    The insurer Hartford Accident and Indemnity Company appeals from the final decree of the Superior Court awarding total incapacity and dependency benefits under G. L. c. 152, §§ 34 and 35A. The employee, a mason, sustained a back injury on September 25, 1967, while working for a previous employer and received total incapacity compensation from Lumbermens Mutual Casualty Company for a short period. He resumed work for the same employer from October 16, 1967, until April, 1968. During that period, as well as during the period April, 1968, until June, 1968, while working for another employer; and also during the period June, 1968, until August, 1968, while working for still another employer, Trombetta experienced pain in his back and left leg. From August 5, 1968, until December 13, 1968, when his job was terminated, Trombetta worked for Roberto Construction Company, insured by the appellant. Trombetta testified that during this last period the pain in the back and left leg became markedly worse, and that he could not have continued to work after December 13, 1968, due to that pain.

He went to a doctor in October, 1968. He was X-rayed, and received a prescription for stronger pain-killing medication. The pain continued to worsen. On January 3, 1969, a myelogram was performed revealing evidence of a ruptured intervertebral disc; and on January 21, 1969, a laminectomy was performed and a disc removed.

Medical testimony was received, both from an attending physician and an orthopedic surgeon, to the effect that Trombetta's repeated bending and lifting of bricks and 65-pound cement blocks while working for Roberto aggravated his condition. The orthopedic surgeon, who saw Trombetta on May 16, 1969, took the view that the September 25, 1967, injury left the annulus, or disc periphery, weakened, and that the work for Roberto caused further weakening of the annulus and the rupturing of the disc. He also testified, in effect, that an increase in pain, particularly into the leg, is evidence medically of increasing damage to the disc. He

rejected a suggestion that the September 25, 1967, injury by itself ruptured the disc, because he regarded that hypothesis as inconsistent with the speed of the employee's recovery.

The insurer does not dispute the rule settled in *Evans's Case,* 299 Mass. 435, that where there is a series of compensable injuries, the insurer covering the risk at the time of the most recent injury bearing a causal relation to the disability must pay the entire compensation. Rather, it argues that the employee sustained no injury while working for Roberto Construction Company; that at no time did any particular incident occur which produced evidence of aggravation or deterioration of condition, thus distinguishing this case from such cases as *Szettella's Case,* 333 Mass. 335; *McConolouge's Case,* 336 Mass. 396; *Long's Case,* 337 Mass. 517; and *Leonardi's Case,* 349 Mass. 771; that the evidence in this case shows that the employee suffered pain and took medication for that pain ever since his original accident on September 25, 1967, and before he ever started working for Roberto Construction Company; and that the finding of the single member, affirmed and adopted by the board, that the employee suffered a compensable injury on December 13, 1968, the day his job ended, was without basis in the evidence.

A fair reading of all the evidence in this case indicates that although Trombetta did suffer back pain at work from time to time after the original accident on September 25, 1967, the pain was significantly less severe than the pain he was experiencing from late September or early October, 1968; that until October, 1968, the pain was occasional and well controlled by drugs; and that from October, 1968, until his disc operation, the pain was constant and not adequately controlled by drugs even though given in stronger doses and taken more frequently. This evidence, coupled with the orthopedic surgeon's testimony that the severe increase in pain was medical evidence of increase in damage to the disc, and his view based on the medical history that, even though he could not pinpoint a date, the rupture probably took place in the late summer of 1968, supports the board's

finding that an injury took place while Trombetta was working for Roberto. That the ruptured disc did not result from any particular disabling incident does not preclude a finding of injury. An injury may develop gradually from the cumulative effect of stresses and aggravations. *Mills's Case,* 258 Mass. 475. *Brzozowski's Case,* 328 Mass. 113. *Franklin's Case,* 333 Mass. 236. *Pell* v. *New Bedford Gas & Edison Light Co.* 325 Mass. 239. Locke, Workmen's Compensation, §§ 172, 173, 175. Our Workmen's Compensation Act "requires only personal injury, not personal injury by accident . . . [and] that injury need not be a single definite act but may extend over a continuous period of time." *Smith's Case,* 307 Mass. 516, 517.

Although the employee ceased work on December 13, 1968, because he was laid off, the board could find that on that day he had reached the end of his capacity for work. *DeFilippo's Case,* 284 Mass. 531, 533. There is evidence that the disc ruptured at least as early as that date. *Atamian's Case,* 265 Mass. 12, 16. The insurer does not challenge the level of compensation fixed by the board.

Although similar factually in many respects, this case differs from *Costa's Case,* 333 Mass. 286, in which there was clear medical testimony that the disability was directly attributable to the 1947 injury, and the board was not as a matter of law required to accept either testimony to the contrary, or testimony that later work was causally related to the disability. It differs from *Casey's Case,* 348 Mass. 572, in which the board's finding against the second insurer was not sustained, because in that case there was no medical evidence of a causal connection between the later work and the disability. There is such evidence here.

*Decree affirmed.*

*Costs of appeal under G. L. c. 152, §11A, are to be determined by a justice of this court.*