WILLIAM F. CLARK'S CASE. July 10, 1975. The only issues presented by this case concern which of two insurers must pay workmen's compensation benefits to an injured employee. 1. We agree with the substance and the result of the Superior Court judge's thorough treatment of the question whether the Industrial Accident Board's finding of a second compensable injury was supported by the record before it. His determination that the second insurer was properly found to be liable for the period of total disability from May 16 to October 16, 1970, was correct. *Evans's Case,* 299 Mass. 435, 437 (1938). *McConolouge's Case,* 336 Mass. 396, 398 (1957). *Trombetta's Case,* 1 Mass. App. Ct. 102, 104-105 (1973). 2. Although the record before the Board would support a finding that either or both of the injuries were responsible for the partial disability existing from and after October 16, 1970, the Board made no finding on this point. The case, therefore, must be remanded to the Board for such a finding. *Canavan's Case,* 364 Mass. 762, 766-767 (1974), and cases cited. The decree is reversed. An order is to be entered remanding the case to the Board for a further finding of which injury was responsible for the partial disability existing from

and after October 16, 1970. A judgment is then to be entered in the Superior Court incorporating paragraphs 1 through 3 and 5 through 7 of the decree and adding such other provisions as are appropriate in light of that finding.

*So ordered.*

*Norman C. Hansen* for General Fire and Casualty Company, Inc.
*Paul F. X. Powers* for Hartford Accident and Indemnity Company.
*Norman P. Beane, Jr.,* for the employee.