Gershengorn, J.
Plaintiff, Mark White (“White”), brings this products liability action seeking damages for personal injuries allegedly sustained during a motor vehicle accident as a result of inadequate padding and lack of a headrest on the seat of his 1984 Datsun pickup truck manufactured by defendant, Nissan Motor Corporation in U.S.A. (“Nissan”). Nissan now moves for summary judgment on the ground that, since White has no expert, he cannot prove two essential elements of his case, namely, that the seat of his truck was defective when it left the possession, custody, and control of Nissan and that the alleged defect caused his injuries or enhanced his prior injuries. White responds that proof of his case does not require expert testimony and that, even if it does, he can act as an expert on his own behalf. For the reasons set forth below, Nissan’s motion for summary judgment is allowed.
BACKGROUND
On January 31, 1994, White’s pickup truck was struck from the rear while he was on Route 20 in Weston, Massachusetts. White’s truck sustained damage in the area of the left rear taillight. White alleges that he suffered serious personal injury, including a closed head injury, loss of sense of smell, and personality change.
*534 On July 6, 1994, White’s treating doctor, Scott R. Masterson, M.D. (“Dr. Masterson”), wrote a report for White’s attorney. In that report, Dr. Masterson noted that White had been involved in a previous accident exactly one year earlier, on January 31, 1993, resulting in back and neck pain. Dr. Masterson further stated that he “find[s] it very difficult to make any fine delineation between the problems of the first accident versus the problems of the second accident. Both accidents were very similar in nature and caused similar complaints. It has been noted that all of his complaints were pre-existing before the accident of January 31, 1994, and this accident [of January 31, 1994] only seemed to intensify already pre-existing complaints.” (Exhibit E of Nissan’s memorandum of law in support of its motion for summary judgment.) The doctor also noted that some of the symptoms of which White complained after the second accident were consistent with postconcussive syndrome.
On January 28, 1997, White filed a complaint against Nissan. After filing an answer, Nissan served interrogatories on White on August 15, 1997, seeking, among other things, the identity of any experts White expected to produce at trial and the subject matter any such experts would discuss during trial. On April 2, 1998, after Nissan had filed a motion to dismiss for failure to answer interrogatories pursuant to Mass.R.Civ.P. 33(a), White responded to Nissan’s interrogatories. White stated that he had not yet selected an expert for trial. Thereafter, on November 9, 1998, Nissan served White with a motion for an order compelling him to answer expert interrogatories, which the Court allowed on December 4, 1998. White subsequently supplemented his answer to Nissan’s expert interrogatories, stating that he could not afford to retain an expert witness, but that he would “rely on [his] own visual observations, measurements and inspection to show that the seat of [his] Nissan Pickup truck contained inadequate padding, lacked a headrest, and [had] a tubular bar . . . situated at such a height that it juxtaposed the lower part of [his] back." (Exhibit G of Nissan’s memorandum of law in support of its motion for summary judgment.) He then opined that had there been a headrest on, and more padding in, the seat and had the tubular bar not been situated where his lower back connected with the seat, his injuries would not have been as severe as they were.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving parly is entitled to judgment as a matter of law. Cassesso v. Comm'r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Pederson, 404 Mass. at 17.
Nissan argues that White cannot prove, without expert testimony, that the seat of his 1984 truck was defective when it left Nissan’s possession and control and that his injuries were caused or exacerbated by the seat’s defective condition. White, on the other hand, contends that proof of his case does not require an expert and that he can opine at trial as to the defective condition of the seat and the defect’s causation or enhancement of his injuries.
In this products liability case, presented on the theories of negligence (Count I), breach of warranties (Count II) and violations of G.L.c. 93A (Count IV),[1] White must “prove (1) that crashes such as the one he experienced on [January 31, 1994], were reasonably foreseeable to the manufacturer; (2) that the design of the [truck’s seat] made it unreasonably dangerous for the use in the circumstances of such a crash; and (3) that because of the design he was injured more seriously than he would have been had the car been reasonably designed.” Caro v. General Motors Corp., 37 Mass.App.Ct. 744, 753 (1994), rev. denied 419 Mass. 1107 (1995). See also Lally v. Volkswagen Aktiengesellschaft, 45 Mass.App.Ct. 317, 322 (1998), rev. denied 428 Mass. 1106. In order to prove these elements, White needs to adduce expert testimony.
There are instances where a plaintiff can establish a design defect without an expert. See, e.g., Smith v. Ariens Co., 375 Mass. 620 (1978). “[I]n cases in which a jury can find of their own lay knowledge that there exists a design defect which exposes users of a product to unreasonable risks of injury, expert testimony that a product is negligently designed is not required.” Id. at 625 (holding that “[i]t is within the knowledge of a jury whether unshielded metal protrusions on the handle bar of a snowmobile constitute a defect in design which creates an unreasonable risk of harm”). However, the instant case is not one where the jury could determine, without the aid of an expert, whether the lack of padding, position of the tubular bar and the lack of a headrest constitute design defects which create an unreasonable risk of harm in a collision such as occurred here.
In order to prove his case, White will have to show the state of motor vehicle design in 1984 as well as a *535 lack of compliance with industry standards and/or federal and state regulations which existed in 1984. See Gynan v. Jeep Corp., 13 Mass.App.Ct. 504, 508-09 (1982) (plaintiff must demonstrate, by way of expert testimony, that the placement of the headlights and the illumination provided by them failed to comply with 1974 federal and other standards of illumination and 1974 industry practice in design), rev. denied 386 Mass. 1104. Specifically, White will have to present testimony on the design of Datsun’s front seat, the standards of seat design in 1984, and possible alternatives to the Datsun’s seat design as well as the expense of such alternatives. Those factors require expert testimony. See id. at 508 (distinguishing its facts from those in Smith, 375 Mass. 620, where the simplicity of the design defect made an evaluation of it within the jury’s competence without the aid of an expert). Contrary to White’s contention, his comparison of the thickness of his truck’s front seat with other manufacturers’ pickup trucks’ front seats, will not suffice to demonstrate that his seat was defective.[2]
Moreover, White needs to present expert testimony as to whether the seat’s defective condition caused or exacerbated his injuries. Lally, 45 Mass.App.Ct. at 324-25. See also Casey’s Case, 348 Mass. 572, 574 (1965) (plaintiff needs expert medical testimony to establish which injury, the first or second, caused his incapacity). Although White correctly states that his postconcussive injury from the subject accident was not one of the injuries Dr. Masterson reported as having occurred in his 1993 accident and that Dr. Masterson reported that his injuries sustained in his 1993 accident may have been exacerbated by his 1994 accident, Dr. Masterson never mentioned or suggested that White’s injuries were enhanced by the defective condition of the truck’s seat. White has failed to proffer any evidence, not just expert testimony, to raise a question of fact as to whether the seat’s defect caused or exacerbated his injuries.
Although White claims that he is qualified to offer the jury his opinion as to the defective condition of the truck’s seat as well as the enhancement of his injuries as a result of the defect,[3] this Court finds that he is not an expert who can testify as to those subjects. See Wisk v. St Stanislaus Social Club, Inc., 7 Mass.App.Ct. 813 (1979) (stating that “[a] judge has broad discretion to determine whether an expert has the requisite qualifications and knowledge to render an opinion . . .”) rev. denied 378 Mass. 801. Accordingly, since White intends to call no experts at trial, he has not raised any genuine issues of material fact as to whether his truck’s seat was defective and whether such alleged defect caused or enhanced his injuries.
ORDER
It is hereby ORDERED that Nissan’s Motion for Summary Judgment is ALLOWED.

 White also states a claim for strict liability (Count III); however, Massachusetts does not recognize “ ‘strict liability in tort' apart from liability for breach of warranty under the Uniform Commercial Code, G.L.c. 106, §§2-314 — 2-318.” Swartz v. General Motors Corp., 375 Mass. 628, 629 (1978).

 The Court also notes that White has presented no evidence to raise a material issue of fact as to whether the alleged defect existed at the time the subject truck left the custody and control of Nissan. See Smith, 375 Mass. at 626. White has put forth nothing to suggest that the seat remained substantially unchanged from the time it left the manufacturer’s floor until he took possession of it. However, the Court does not rest its decision on this fact as White may be able to establish chain of custody through lay witnesses.

 White states that he is qualified to offer his opinion to the jury since he was employed by Menard Enterprises, an automobile dealership, as a service writer and auditing assistant, had opportunities to observe various stages of motor vehicle repair and maintenance, took an automobile repairs course in high school, worked with his father in repairing, assembling and disassembling of motor vehicles, and examined other seats in addition to the subject seat.